UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>NORBERTO ROMAN GONZALEZ, MARIA MIRANDA BURGOS a/k/a MARIA MIRANDA, and their Conjugal Partnership<br><br>Defendants | CIVIL NO.<br><br><br>Foreclosure of Mortgage; Collection on Money |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting by the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1.    Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.    Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of two (2) promissory notes that affect the four (4) properties described further below.

3.   The first promissory note was subscribed for the amount of **$32,000.00**, with annual interest of 5%, on April 26, 1978. *See Exhibit 1.*

4.   For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 172. *See Exhibit 2.*

5.   Plaintiff is also the owner and holder of a promissory note for the amount of **$6,000.00**, with annual interest of 5%, subscribed on July 15, 1981. *See Exhibit 3.*

6.   For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 189. *See Exhibit 4.*

7.   According to the Property Registry, defendants are the owners of record of the real estate properties subject of this case. Said properties are described -as they were recorded in Spanish- as follows:

   A. RÚSTICA: Parcela de terreno radicada en el barrio Garzas del término municipal de Adjuntas, compuesta de tres cuerdas, equivalentes a una hectárea, diez y siete áreas, noventa y una centiáreas y mil ochocientos sesenta y ocho diez milésimas de centiáreas, marcada con el número uno, lindante por el NORTE, con Francisco Pellicia y la Sucesión de Francisco Bianchi; por el SUR, con la parcela número

2

tres y la Sucesión de Francisco Bianchi; por el ESTE, con la parcela número dos; y por el OESTE, con la Sucesión Francisco Bianchi. Contiene una casa de hierro galvanizado, de veinte pies de largo por veinte pies de ancho, con divisiones interiores de madera, construida por la Puerto Rico Reconstruction Administration.

Property 4,964, recorded at page 241 of volume 131 of Adjuntas, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 5.*


B. RÚSTICA: Parcela de terreno marcada con el número tres radicada en el barrio Garzas del término municipal de Adjuntas, Puerto Rico, compuesta de tres cuerdas, equivalentes a una hectárea, noventa y una centiáreas, diecisiete áreas y mil ochocientos sesenta y ocho diez milésimas de centiáreas, lindante por el NORTE, con las parcelas números uno, dos y cuatro; por el SUR, con las parcelas cinco, seis y siete; por el ESTE, con las parcelas cuatro y seis; y por el OESTE, con la Sucesión Bianchi. Contiene una casa de hierro galvanizado de veinte pies de largo por veinte pies de ancho, con divisiones interiores de madera, construida por la Puerto Rico Reconstruction Administration.

Property 5,172, recorded at page 21 of volume 137 of Adjuntas, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 6.*


C. RÚSTICA: Parcela de terreno número dos del caso C-trescientos ochenta y cuatro, radicada en el barrio Garzas del término municipal de Adjuntas, compuesta de tres cuerdas, equivalentes a una hectárea, diez y siete áreas, noventa y una centiáreas y mil ochocientas sesenta y ocho diez milésimas de otra, lindante por el NORTE, y ESTE, con Francisco Pelliccia; por el SUR, con las parcelas números tres y cuatro; y por el OESTE, con la parcela número uno. Dentro de la parcela descrita se encuentra enclavada una casa de hierro galvanizado de veinte pies de frente por veinte pies de fondo, con divisiones interiores de madera, construida por la Puerto Rico Reconstruction Administration.

Property 5,372, recorded at page 130 of volume 140 of
Adjuntas, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 7.*

D. RÚSTICA: Predio de terreno radicado en el barrio Garzas
del término municipal de Adjuntas, con cabida de veintitrés
cuerdas con tres mil doscientas noventa y ocho milésimas
de cuerdas, equivalentes a nueve hectáreas, diez y siete
áreas, noventa y cinco centiáreas siete mil quinientos
ochenta y seis diez milésimas de centiáreas. Son sus
colindancias, por el NORTE, Rubén Román, en una porción
que se extiende desde el punto número dos del plano de
segregación levantado por el ingeniero Justo García Méndez,
licencia número tres mil ciento setenta y dos de fecha
cinco de septiembre de mil novecientos cincuenta y nueve
cuyo punto está marcado con un estacón por una zanja,
siguiendo hacia arriba en línea recta a través del punto
número tres del plano marcado con un árbol de masa, y punto
cuatro marcado con un estacón hasta el punto cinco, marcado
con un estacón en camino, en cuyo punto, el predio forma
punto de lanza y de aquí baja hasta el punto número seis,
marcado con una piedra de la quebrada que por este punto
discurre; por el SUR, con Ramón Román Rivera, cuya
colindancia se extiende desde el punto número uno del plano
marcado con un árbol de higuerillo siguiendo hacia la
derecha pasando por un árbol de mango que esta en la misma
colindancia, hasta llegar al punto número siete marcado
con un estacón de hormigón; por el ESTE, con la finca
principal de que fuera ésta segregada partiendo desde el
punto número seis hacia abajo, hasta llegar al número
siete; y por el OESTE, con Patricio Báez, partiendo desde
el punto número uno, hacia arriba, hasta llegar al número
dos. No tiene edificaciones ni plantaciones, constituyendo
todo monte y malezas.

Property 6,040, recorded at page 66 of volume 170 of
Adjuntas, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 8.*

8.    The title searches attached to this complaint confirm the
registration of the mortgage liens that secure the loan

obligations between the plaintiff and the defendants. *See Exhibits 5-8.*

9.   It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

10.  The defendant party herein, jointly and severally, has failed to comply with the terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, the defendant party owes to the plaintiff, according to the Certification of Indebtedness included herein as *Exhibit 9*, the following amounts, as to November 17, 2020:

   a) On the $32,000.00 Note, as modified:

      1) The sum of $29,737.87, of principal;

      2) The sum of $22,796.05, of interest accrued, and thereafter until its full and total payment, which interest amount increases at the daily rate of $4.0737;

      3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses,

   disbursements and attorney's fees guaranteed under the mortgage obligation.

b) On the $6,000.00 Note, as modified:

   1) The sum of $6,095.00, of principal;

   2) The sum of $9,102.22, of interest accrued, and thereafter until its full and total payment, which interest amount increases at the daily rate of $0.8349;

   3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

11. The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the properties described in this complaint.

12. Codefendant NORBERTO ROMAN GONZALEZ is not currently active in the military service for the United States. Plaintiff is unable to provide a "Status Report pursuant to Servicemembers Civil Relief Act" for codefendant MARIA MIRANDA BURGOS since we could not found her social security number. *See Exhibit 10.*

## VERIFICATION

I, JACQUELINE LAZU LABOY, of legal age, married, executive

and resident of Humacao, Puerto Rico, in my capacity as Director of LRTF for the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The

7

mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 4 day January , 2020.

JACQUELINE LAZU LABOY

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)   That defendant's party pays unto the plaintiff the amounts claimed on this complaint;

b)   Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c)   That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d)   That if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 16 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said

defendants for the payment of said deficiencies against any of the properties of said defendants;

e)   That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f)   That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g)   For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, on   January 4, 2021.


/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 3908
GUAYNABO, PR 00970
TEL.   787-751-5290
FAX.   787-751-6155
Email: dcfilings@fortuno-law.com

## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARMERS HOME ADMINISTRATION

Form FmHA 440-16
(Rev. 11-10-75)

CLASS OF LOAN

Type: __FARM OWNERSHIP__

STATE
__PUERTO RICO__

In accordance to:

[X] Consolidated Farm and Rural
Development Act

OFFICE
__ADJUNTAS__

[ ] Title V of the Housing Act
of 1949

CASE NUMBER
__63-35-t__          _

### PROMISSORY NOTE

Date __April 26__, 19 __78__

FOR VALUE RECEIVED, the subscriber (whether  one or more persons, referred to henceforth  as the "Borrower..."), severally and jointly, we shall pay to the order of the United States of America, acting through the Farmers Home Administration of the United States Department of Agriculture (henceforth referred to as the "Government"), at their offices in __ADJUNTAS, PUERTO RICO__,

THE PRINCIPAL SUM OF ___THIRTY-TWO  THOUSAND___ DOLLARS ( $32,000.00); plus INTEREST on the PRINCIPAL OWED at __FIVE__ PERCENT ( _5_ %) ANNUALLY.

The payment of said Principal and Interest shall be pursuant to how it has been agreed upon between the Borrower and the Government using one of the four alternatives as indicated further below: (mark one)

[ ] I.      Payments of Principal and Interest shall be deferred.  The first installment shall be for interest accrued and will be due on _____, 19____. The Payment of Principal and Interest accrued subsequently shall be in _____ installments as indicated in the box further below.

[X] II.     The payments for Principal and Interest shall be deferred.  The interest accrued as of __January 1__, 19 __80__ shall be added to the principal.  Said new Principal and  Interest accrued subsequently shall be payable in __39__ regular installments amortized on the dates indicated in the box further below. The Borrower authorizes the Government to write down the amount of said new Principal here $ __34,435.90__ and the amount of said regular installments in the box further below, when said amounts have been determined.

[ ] III.    The payment of Interest shall not be deferred.  Installments of Interest accrued shall be payable on the _____ day of each _____ beginning on _____, 19_____, until _____ _____, 19_____.  Principal and interest accrued subsequently shall be payable in _____ _____ installments as indicated in the box further below;

[ ] IV.     The Payments shall not be deferred.  Principal and Interest shall be payable in __396__ installments as indicated in the box further below:

---

$__$2,024.00__  on __January 1__, 19 __81__, and $__$2,024.00__, subsequently, on the __First__ day of each __Month__ until the PRINCIPAL and INTEREST have been completely paid off except that the FINAL INSTALLMENT of the debt evidenced herein, if it has not been previously paid off, shall be due and PAYABLE _forty (40)_ YEARS from the DATE of this PROMISSORY NOTE.  The consideration involved herein shall support any agreement modifying the preceding payment plan.

Jay-Ce-Agriculture                            Position 2                          FmHA 440-16(Rev. 11-10-75)

Administrative Office of the United States Courts CERTIFIED TRANSLATION I certify that the foregoing is a true and faithful translation of its original. PATRICIA BECKERLEG Certified Court Interpreter / Translator 787-792-5224 / 787-399-7788

If the total amount of the loan is not advanced as of the date of the closing, the loan shall be advanced to the borrower pursuant to how it has been requested by the Borrower and approved by the Government.   The approval of the Government is mandatory as long as the advance is requested for a purpose authorized by the Government.  Interest shall be accrued for the amount of each advance from its actual date as is shown here on the back side.  The Borrower authorizes the Government to write down the amount and date of such advance in the Registry of Advance Payments.

Any payment made in any debt represented by this promissory note shall first be applied to interest calculated as of the effective date of the payment and afterwards to the principal.

Prepayments of the stipulated installments, or any part of the same, may be made at any time at the option of the Borrower.   Reimbursements and extra payments, as defined in regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in accordance to the source of the funds involved, after crediting the interest shall be applied to the last installment to be paid under this promissory note and will not affect the obligation of the Borrower to pay the remaining installments as specified in this same document.

The Borrower agrees that the Government at any time may negotiate this promissory note and ensure the payment of the same, and in such case, although the Government is not the holder of said promissory note, the Borrower shall continue making the payments of principal and interest to the Government, as collection agent for the holder, as specified herein.

If this promissory note is in the power of an insured lender, the prepayments made by the Borrower may, at the option of the Government, be forwarded by the Government promptly to the holder, except for the final payment, or they may be withheld by the Government and forwarded to the holder on the basis of trimestral payments or on the basis of the annual installment due.  The effective date of any prepayment withheld and forwarded by the Government to the holder on the basis of an annual installment due shall be the date of the prepayment on the part of the Borrower and the Government shall pay the interest to which the holder is entitled which is accrued between of the effective date of any of said prepayment and the date of the check of the Treasury forwarded to the holder.

By means of the present document, the Borrower certifies that he cannot obtain sufficient credit from other sources to finance his present needs at a reasonable rate of interest and terms, taking into consideration the prevailing rates and terms of private and cooperative sources on or near his community, for loans with similar periods of time and purposes, and the loan evidenced herein shall be used solely for purposes authorized by the Government.

The property built, improved, purchased or refinanced in its entirety or partly with the loan evidenced herein shall not be leased, ceded, sold, transferred or encumbered voluntarily or in any other form, without the previous written consent on the part of the Government.  Unless the Government consents to the contrary in writing, the Borrower (a) shall personally operate said property by himself with his family, as a farm, if this loan is to a farm owner (FO) or (b) shall personally occupy and use said property if this a rural dwelling loan (RH) on a lot or in the case of a loan of Section 504 of rural dwelling.

REFINANCING AGREEMENT:  If at any time the Government were to determine that the Borrower may obtain a loan from a responsible cooperative or another private source of credit at a reasonable rate of interest and terms for loans for a similar period of time and conditions, the Borrower, at the request of the Government, shall request and accept the loan in a sufficient amount to satisfy this promissory note in its entirety and pay the necessary shares if the lender is a cooperative.  This paragraph and the preceding one shall not be applicable to the co-debtor signing this promissory note in accordance to what is stated in Section 502 of the Housing Act of 1949, to compensate for any deficiency in the repayment ability of the other appearing ones.

BREACH:  The failure to pay upon the maturity of any debt evidenced herein or the breach of any condition or agreement under this document shall constitute default under this or any other instrument evidencing a debt on the part of the Borrower Insured or Guaranteed by the Government or in any other form related to said debt; and breach under any other said instrument shall constitute default  under the terms of this document.  IF ANY BREACH WERE TO BE COMMITTED,  the Government, at its option, may declare all or part of said debt due and payable immediately.

This Promissory Note is executed as evidence of a loan  to the Borrower granted  or insured by the Government in conformity with the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as indicated in the box "CLASS OF LOAN" above.  This Promissory Note is subject to the  present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the stipulations consigned herein.

Presentation, notice and protest are hereby expressly waived.

_____(signed)_____(Seal)
NORBERTO ROMAN GONZALEZ    (Borrower)


_____(signed)_____(Seal)
MARIA MIRANDA BURGOS            (Wife)


Box 547_____


Adjuntas, PR 00601_____

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

Patricia Beckerleg
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

## REGISTRY OF ADVANCE PAYMENTS

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $32,00000.00 4-28-78 | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 32,000.00 | 4-20-78 |

Jay-Ce-Agriculture                          Position 2                          FmHA 440-16(Rev. 11-10-75)

**DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS**
**ADMINISTRACION DE HOGARES DE AGRICULTORES**

Form FmHA 440-16
(Rev. 11-10-75)
FmHA 440-16 (Rev. 11-10-75)

| CLASE DE PRESTAMO |
|---|
| Tipo: **FARM OWNERSHIP** |
| De acuerdo a: |
| ☒ Consolidated Farm and Rural Development Act. |
| ☐ Title V of the Housing Act of 1949 |

**PAGARE**

ESTADO
PUERTO RICO
OFICINA
ADJUNTAS
CASO NUM.
63-35-

Fecha ___26 de abril___, 19 **78**

**POR VALOR RECIBIDO**, el subscribiente (ya sea una o más personas, denominado en adelante "Prestatario . . .") mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos, (denominado en adelante el "Gobierno") en su oficina en ═══════════ADJUNTAS, PUERTO RICO══════════

LA SUMA PRINCIPAL DE *N.R.H. M.M.B.* ══════════════════con 00/100
TREINTA Y DOS MIL═══════════

DOLARES ($ 32,000.00═══════════════), más INTERESES sobre el PRINCIPAL ADEUDADO al

CINCO═══════════POR CIENTO ( 5═════ %) ANUAL.

El pago de dicho Principal e Intereses será según acordado entre el Prestatario y el Gobierno usando una de las cuatro alternativas como se indica más abajo: (marque uno)

☐ I. Pagos de Principal e Intereses serán diferidos. El primer plazo será de intereses acumulados y vencerá en _____, 19 _____. El Pago de Principal e Intereses acumulados subsiguientemente serán

en _____ plazos como se indica en el encasillado más abajo;

☒ II. Los pagos de Principal e Intereses serán diferidos. Los intereses acumulados a ENERO PRIMERO═══════1980 serán sumados al Principal. Dicho nuevo Principal e Intereses acumulados subsiguientemente serán pagaderos en 39══ plazos regulares amortizados en las fechas indicadas en el encasillado más abajo. El Prestatario autoriza al Gobierno a anotar la cantidad de dicho nuevo Principal aquí $ 34,435.90 y la cantidad de dichos plazos regulares en el encasillado más abajo, cuando dichas cantidades hayan sido determinadas.

☐ III. El Pago de Intereses no será diferido. Plazos de Intereses acumulados serán pagaderos el _____ de cada _____, 19 _____, hasta _____, 19 _____.

empezando en _____, 19 _____, hasta _____, 19 _____.

Principal e Intereses acumulados subsiguientemente serán pagados en _____ plazos como se indica en el encasillado más abajo;

☐ IV. Los Pagos no serán diferidos. Principal e Intereses serán pagaderos en _____ plazos como se indica en el encasillado más abajo:

| $ 2,024.00 | en ENERO PRIMERO , 19 81 , y |
| | ENERO |
| $ 2,024.00 | subsiguientemente al PRIMERO de cada AÑO |

hasta que el PRINCIPAL e INTERESES sean completamente pagados excepto que el PLAZO FINAL de la deuda aquí evidenciada, de no ser pagado anteriormente, vencerá y será PAGADERO CUARENTA═══════════ ( 40 ) AÑOS de la FECHA de este PAGARE. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos anterior.

16 (Rev. 11-10-75)

Si la cantidad total del préstamo no es adelantado a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno es mandatoria siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se muestra aquí al reverso. El Prestatario autoriza al Gobierno a anotar la cantidad y fecha de tal adelanto en el Registro de Adelantos.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Pagos adelantados de los plazos estipulados, o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en este mismo.

El Prestatario conviene en que el Gobierno en cualquier momento podrá negociar este pagaré y asegurar el pago del mismo, y en tal caso, aunque el Gobierno no sea el tenedor de dicho pagaré, el Prestatario continuará haciendo los pagos de principal e intereses al Gobierno, como agente cobrador del tenedor, según se especifican en este.

Si este pagaré está en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor, excepto      el pago final, o podrán ser retenidos por el Gobierno y remitidos al tenedor a base de pagos trimestrales o a base de plazo anual vencido. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquier de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

El Prestatario por la presente certifica que no puede obtener crédito suficiente de otras fuentes para financiar sus necesidades actuales a un tipo de interés y términos razonables, tomando en consideración los tipos y términos prevalecientes de fuentes privadas y cooperativas en o cerca de su comunidad, para préstamos con períodos de tiempo y propósitos similares, y que el préstamo aquí evidenciado se usará solamente para propósitos autorizados por el Gobierno.

La propiedad construída. mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario (a) operará personalmente dicha propiedad por sí mismo con su familia, como una finca si este préstamo es a dueño de finca (FO) o (b) ocupará y usará personalmente dicha propiedad si este es un préstamo de vivienda rural (RH) en un solar o en el caso de un préstamo de la Sección 504 de vivienda rural.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa. Este párrafo y el que le precede no serán aplicables al co-deudor que firme este pagaré de acuerdo a lo previsto en la Sección 502 de la Ley de Hogares de 1949, para compensar cualquier deficiencia en la habilidad de pago del (los) otro(s) compareciente(s):

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o Garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; e incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_Norberto Roman Gonzalez_     (Sello)

NORBERTO ROMAN    (Prestatario) GONZALEZ

_Maria Miranda Burgos_     (Sello)

MARIA MIRANDA    (Esposa) BURGOS

Box 547

Adjuntas, PR  00601

## REGISTRO DE ADELANTOS

| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
|---|---|---|---|---|---|
| (1) $32,00.00 | 4-20-78 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 32,000.00 | 4-20-78 |

## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico.

Juan M. Ortiz Serbiá
State Executive Director

Jay-Co-Agricultura      Position 2      16 (Rev. 11-10-75)

FmHA Form 427-1 PR   10/77

(Note: all the pages are stamped with the seal of José M. Saliceti, Attorney, Notary, Island of Puerto Rico.)
(Note: all the pages are stamped with the seal of the Property Registry, Utuado Section, Puerto Rico.)

## NUMBER ONE HUNDRED SEVENTY-TWO

### VOLUNTARY MORTGAGE

In Adjuntas, Puerto Rico on April twenty-six of one thousand nine hundred seventy-eight.

### BEFORE ME

Attorney and Notary Public of this Island with residence and domicile in Adjuntas, Puerto Rico and office in Adjuntas, Puerto Rico.

### APPEARING

The persons named in the TWELFTH paragraph of this mortgage henceforth referred to as the "mortgage debtor" and whose personal circumstances appear from said paragraph.

I give faith of the personal knowledge of the ones appearing, as well as on the basis of their statements regarding their age, civil status, occupation and domicile.

They assure me of being in the full enjoyment of their civil rights, the free administration of their goods and in my judgment, having the necessary legal capacity for this execution, and by this virtue, freely:

### STATE

FIRST:    The mortgage debtor is the owner of the property or properties described in the ELEVENTH paragraph as well as of all the rights and interest in the same, referred to henceforth herein as "the goods".

SECOND:    That the goods mortgaged herein are encumbered to the liens which are specified in the ELEVENTH paragraph.

THIRD:    That the mortgage debtor has an obligation with regard to the to the United States of America, acting through the Farmers Home Administration, henceforth referred to herein as the "mortgage creditor", with regard to a loan or loans evidenced by one or more promissory notes or subrogation agreement, henceforth referred to as the "promissory note", whether they are one or more.  It is required by the Government that additional monthly payments be made of one twelfth of the taxes, assessments (taxes), insurance

-1-

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*

PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

premiums and other charges which have been estimated with regard to the mortgaged property.

FOURTH:      It is clearly understood that:

(One)  The promissory note evidence of a loan or loans to the mortgage debtor for the sum of the principal, specified in the same, granted, for the purpose and the intention that the mortgage creditor may cede the promissory note at any time and insure its payment in conformity with the Minutes of one thousand nine hundred and sixty-one consolidating the Farmers Home Administration or the Fifth Title of the Housing Act of one thousand nine hundred and forty-nine, pursuant to how it has been amended.

(Two)  When the payment of the promissory note is guaranteed by the mortgage creditor, it may be ceded from time to time and each holder of said promissory note in turn shall be the insured lender.

(Three)  When the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor will grant and hand over to the insured lender together with promissory note an endorsement of insurance totally guaranteeing the payment of the principal and interest of said promissory note.

(Four)  At all times that the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor, through an agreement with the insured lender, shall determine in the insurance endorsement the portion of the payment of interest of the promissory note that shall be designated as "annual charge".

(Five)  A condition of the insuring of the payment of the promissory note shall be that the holder shall cede all of its rights and remedies against the mortgage debtor and any other with regard to said loan as well as with regard to the benefits of this mortgage and accept instead the benefits of the insurance, and in the event of violation of any agreement or stipulation contained herein or in the promissory note or in any supplementary agreement on the part of the mortgage debtor, at the requirement of the mortgage creditor, shall endorse the promissory note to the mortgage creditor.

(Six)    Among other things, it is the purpose and intention of this mortgage, that at all times when the promissory note is in the power of the mortgage creditor, or in the case in which the mortgage creditor cedes this mortgage without insuring the promissory note, this mortgage shall guarantee the payment of the promissory note but when the promissory note

-2-

is in the power of an insured lender, this mortgage will not guarantee the payment of the promissory note or form part of the debt evidenced by the same, but with regard to the promissory note and to said debt, it shall constitute a mortgage of indemnification to guarantee to the mortgage creditor against any loss under the endorsement of insurance due to the cause of any breach on the part of the mortgage debtor.

FIFTH:   That in consideration to the loan and (a) at all times that the promissory note is conserved by the mortgage creditor or in the case that the mortgage creditor cedes the present mortgage without the insurance of the payment of the promissory note and in guarantee of the sum of the promissory note pursuant to how it is specified in sub-paragraph (One) of the NINTH paragraph with its interest at the stipulated rate and to ensure the prompt payment of said promissory note, its renewal or extension and any agreement contained in the same, (b) at all times that the promissory note is held by the insured lender in guarantee for the sums specified in sub-paragraph (Two) of the NINTH paragraph consigned herein, to guarantee the fulfillment of the agreement of the mortgage debtor to indemnify and maintain the mortgage creditor free against losses under the endorsement of insurance due to the breach on the part of the mortgage debtor,  and (c) in any case and at all times in guarantee of the additional sums consigned in sub-paragraph (Three) of the NINTH paragraph of this instrument and to ensure the compliance of each and every one of the agreements and stipulations of the mortgage debtor contained herein or in any other supplementary agreement, the mortgage debtor, by means of the present document, constitutes a voluntary mortgage in favor of the mortgage creditor with regard to the goods described in the ELEVENTH paragraph further on, as well as over the rights, interest, rights of way, hereditary rights, accessions belonging to the same, any rental fees, credits, benefits from the same and all product and income from the same, any personal improvement or property in the present or which in the future is added  or which is reasonably necessary for the use of the same, with regard to the waters, the water rights or shares in the same, belonging to the properties or to all payments which at any time are owed to the mortgage debtor by virtue of the sale, lease, transfer, alienation or total or partial expropriation of or due to damages to any part of the same or to the interest in them, it being understood that this lien shall be in full effect until the amounts specified in the NINTH paragraph with their interest, before and after the due date, until the same have been paid off in their entirety.  In the event of foreclosure, the goods shall answer for the payment of the principal, the interest before and after the due date, until they have been totally

paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor the costs, expenses and attorney's fees of the mortgage creditor. Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH: The mortgage debtor expressly agrees to the following:

(One) Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor. At all times when the promissory note is held by the insured lender, the mortgage debtor shall continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two) To pay the mortgage creditor an initial fee for inspection and appraisal and any charge for arrears required in the present or in the future by the regulations of the Farmers Home Administration.

(Three) At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.

Any sum due and unpaid under the terms of the promissory note, whether this is held by the mortgage creditor or by the insured lender, may be credited by the mortgage creditor toward the promissory note and as a result shall constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of five percent (5%) annually from the date when the payment was due until the date when the mortgage debtor so satisfies it.

(Four): Whether the promissory note was insured by the mortgage creditor or not,

-4-

any or all advance payments made by the mortgage creditor for the insurance premium, repairs, encumbrances or other claims in the protection of the mortgaged goods or for taxes or other similar expenses due to the fact that the mortgage debtor had stopped paying the same, shall accrue interest at the rate of the type stipulated in the previous sub-paragraph from the date of said advance payments until the same have been satisfied by the mortgage debtor.

(Five)  Any advance payment made by the mortgage creditor described in this mortgage with its interest shall be due immediately and shall be payable by the mortgage debtor to the mortgage creditor without the need for any requirement whatsoever at the place designated in the promissory note and shall be guaranteed by means of the present mortgage.  No advance payment made by the mortgage creditor shall release the mortgage debtor from its violation of the agreement to pay.  Said advance payments, with their interest shall be reimbursed from the first payments received from mortgage debtor.  If there were no advance payments, any payment verified by the mortgage debtor may be applied toward the promissory note or toward any other debt of the mortgage debtor guaranteed  herein in the order in which it were to be determined by the mortgage creditor.

(Six)   Use the sum of the loan evidenced by the promissory note solely for the purpose authorized by the mortgage creditor.

(Seven)   To pay upon their maturity the taxes, special taxes, liens and charges which encumber the goods or the rights or interest of the mortgage debtor under the terms of this mortgage.

(Eight)   Obtain and maintain insurance against fire and other risks as required from the mortgage creditor with regard to the existing buildings and the improvements on the goods or any other improvement introduced in the future.  The insurance against fire and other risks shall be in the form and for the amounts, terms and conditions approved by the mortgage creditor.

(Nine)  Conserve the goods in good conditions and promptly verify the necessary repairs for the conservation of the goods;  shall not commit nor allow the commission of any deterioration of the goods;  neither shall remove nor demolish any building or improvement in the goods, neither shall cut or remove wood from the farm, neither shall remove nor allow the removal of gravel, sand, oil, gas, charcoal or other minerals without the consent of the mortgage creditor and shall promptly carry out the repairs on the goods that

Handwritten note:

This document has been registered where the notes placed on the margin of the descriptions of the properties indicate it. Property #6040 is encumbered with a mortgage for $1,350.00 in favor of the Agricultural Credit Corporation (Corporación Crédito Agrícola) and all of them affect the one that is comprised in this document.  Utuado, on January 19, 1979.


Without fees                           Doris M. de Figueroa

                                       Registrar (illegible initials)



(Note: all the pages are stamped with the seal of the Property Registry, Utuado Section, Puerto Rico.)


8/5/79    José Luis (illegible)

the mortgage creditor requires from time to time. The mortgage debtor shall comply with those practices for the conservation of soil and the plans of the property and of the home which the mortgage creditor may prescribe from time to time.

(Ten)  If this mortgage is granted for a loan to a property owner pursuant to how it is identified in the regulations of the Farmers Home Administration, the mortgage debtor personally shall operate the goods by themselves and by means of his family as a farm and for no other purpose and shall not lease the farm or part of it unless the mortgage creditor consents to it in writing in another method of operation or to the lease.

(Eleven)   Shall submit in the manner and form in which the mortgage creditor requires the information regarding his income and expenses and any other information related to the operation of the goods and shall comply with all the laws, ordinances and regulations affecting the goods or their use.

(Twelve)   The mortgage creditor, his agents and attorneys, shall at all times have the right to inspect and examine the goods for the purpose of determining whether the guaranty granted is being undermined or deteriorated, and if said examination or inspection were to determine, in the judgment of the mortgage creditor, that the guarantee granted is being undermined or deteriorated, such condition shall be considered as a violation on the part of the mortgage debtor of the agreements of this mortgage.

(Thirteen)   If any other person were to illegally keep or challenge the right of possession of the mortgage debtor with regard to the goods, the mortgage debtor shall immediately notify the mortgage creditor of said action and the mortgage creditor, at his option, may institute those procedures that were necessary in defense of his interest and the expenses and outlays incurred in by the mortgage creditor in said proceedings, shall be charged to the debt of the mortgage debtor and shall be considered guaranteed by this mortgage within the additional credit of the mortgage clause for advance payments, expenses and other payments.

(Fourteen)   If the mortgage debtor, at any time while this mortgage is in effect, were to abandon the goods or voluntarily hand them over to the mortgage creditor, the mortgage creditor is, by means of the present document authorized and with powers to take possession of the goods, lease them and administrate the goods and collect their rental fees, benefits and income of the same

-6-

and apply them in the first term to the expenses for collection and administration and in second term to the payment of the debt evidenced by the promissory note or any other debt of the mortgage debtor and guaranteed herein, in the order and manner in which it were to be determined by the mortgage creditor.

(Fifteen)   At any time that the mortgage creditor were to determine that the mortgage debtor could obtain a loan from a credit association for production, from a Federal Bank or other reliable source, cooperative or private, at a reasonable rate of interest and terms for loans for similar time and purposes, the mortgage debtor, at the request of the mortgage creditor, shall request and accept said loan in sufficient amount to satisfy the promissory note and any other debt guaranteed herein and pay for the necessary shares at the cooperative agency with regard to said loan.

(Sixteen)   The lack of fulfillment of any of the obligations guaranteed by this mortgage, or if the mortgage debtor or any other person included as mortgage debtor were to default in the payment of any amount or violate or not comply with any clause, condition, stipulation or covenant or agreement contained herein, or in any supplementary covenant, or were to die or declared himself or were to be declared incompetent, in bankruptcy, insolvent or were to make a cession to the benefit of his creditors, or the goods or part of them or any interest in the same were to be ceded, sold, leased, transferred or encumbered, voluntarily or in another manner, without the written consent on the part of the mortgage creditor, the mortgage creditor is irrevocably authorized and empowered, at his option and without notice:  (One)  to declare any unpaid debt under the terms of the promissory note or any other debt to the mortgage creditor guaranteed herein, immediately due and payable and proceed to its foreclosure in agreement to the law and the terms of the same; (Two) incur and pay the reasonable expenses for the repair or maintenance of the goods and any expense or obligation which the mortgage debtor did not pay pursuant to how it was agreed upon in this mortgage, including the taxes, insurance premium and any other payment or expense for the protection and conservation of the goods and of this mortgage or lack of compliance of any precept of this

mortgage and (Three) to request the protection of the law.

(Seventeen)   The mortgage debtor shall pay or reimburse the mortgage creditor all the necessary expenses for the faithful compliance of the covenants and agreements of this mortgage, those of the promissory note and in any other

-7-

supplementary agreement, including the expenses for surveying, evidence of title, costs, registration and attorney's fees.

(Eighteen)    Without affecting in any way whatsoever the rights of the mortgage creditor to request and enforce compliance on any later date  the covenants, agreements or obligations contained herein or similar ones or other covenants and without affecting the liability of any person for the payment of the promissory note or any other debt guaranteed herein and without affecting the lien imposed on the goods or the priority of the lien, the mortgage creditor is, by means of the present document, authorized and empowered at any time (One)  to waive the compliance of any agreement or obligation contained herein or in the promissory note or in any supplementary covenant;  (Two)  negotiate with the mortgage debtor or grant to  the mortgage debtor any indulgence or tolerance or extension of time for the payment of the promissory note (with the consent of the holder of said promissory note when it is in the  hands of an insured lender) or for the payment of any debt in favor of the mortgage creditor, and  guaranteed herein;  or (Three)  grant and deliver partial cancellations of any part of the goods of the mortgage constituted herein or grant deferment or postponement of this mortgage in favor of any other lien constituted over said goods.

(Nineteen)    All the rights, title and interest in and on the present mortgage, including but not limiting  the power to execute consents, partial cancellations, subordination, total cancellation, lies solely and exclusively on the mortgage creditor and no insured lender shall have any right, title or interest whatsoever in or with regard to the lien and the benefits contained herein.

(Twenty)   The breach this mortgage shall  constitute default of any other mortgage, farm loan, or mortgage for movable goods owned or insured by the mortgage creditor and granted or assumed by the mortgage debtor;  and the default of any of said instruments of guaranty shall constitute default of this mortgage.

(Twenty-one)   Any notice that may be have to be given under the terms of this mortgage shall be forwarded by certified mail unless the contrary is ordered by law, and it shall  be directed until another  address is  designated in a notice given to that effect,  in the  case  of  the  mortgage creditor to the  Farmers Home Administration,  the  United States Department of Agriculture, San Juan, Puerto Rico, and  in the  case of  the  mortgage debtor,  to him  at the  postal address

-8-

of his residence pursuant to how it is specified further on.

(Twenty-two)  By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as  the sum of the judgment for damages caused to the goods.  The mortgage creditor shall apply the sum that he receives  to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH:    So that it will serve as rate for the first auction that must be held in the event of foreclosure of this mortgage, in conformity to the mortgage law, as amended, the mortgage debtor, by means of the present document, appraises the mortgaged goods in the sum of THIRTY-TWO  THOUSAND  DOLLARS ($32,000.00)

EIGHTH:    The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need of any notice whatsoever on the part of the mortgage creditor. This mortgage is subject to the regulations of the Farmers Home Administration  now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH:    The amounts guaranteed by this mortgage are the following:

One. At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is held by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without ensuring the promissory note: THIRTY-TWO THOUSAND  DOLLARS ($32,000.00) the principal of said promissory note, with its interest as they have been stipulated at the rate of  five percent ( 5%) annually;

Two. At all times when the promissory note is held  by an insured lender:

(A)    THIRTY-TWO THOUSAND

DOLLARS  ($32,000.00)

-9-

to indemnify the mortgage creditor for advances to the lender insured due to the lack of compliance of the mortgage debtor of paying the installments as is specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B)    FORTY-EIGHT  THOUSAND

DOLLARS ($48,000.00)

in addition, to indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;

Three.    In any case and at all times:

(A)    TWELVE THOUSAND  EIGHT  HUNDRED

DOLLARS ($12,800.00)

for interest after the arrears;

(B)    SIX  THOUSAND FOUR  HUNDRED

DOLLARS ($6,400.00)

for taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph,  Third;

(C)    THREE THOUSAND  TWO  HUNDRED            DOLLARS ($3,200.00)

for costs, expenses and attorney's fees in case of foreclosure;

(D)    THREE THOUSAND  TWO  HUNDRED            DOLLARS ($3,200.00)

for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH:    That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows:

"Promissory note executed in case number      sixty-three dash thirty-five dash five hundred eighty-three dash thirty-six dash zero zero eighty-six (63-35-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), dated April twenty-six of   one thousand nine hundred seventy-eight (4-26-78).

-10-

for the sum of THIRTY-TWO THOUSAND dollars of principal plus interest on the balance of the principal owed at the rate of five (5%) percent annually, until its principal has been totally satisfied pursuant to the terms, installments, conditions and stipulations contained in said promissory note and pursuant to how they have been agreed upon and convened between the Borrower and the Government; except the final payment of the total of the debt represented herein, if it has not been previously satisfied, shall be due and payable within FORTY years from the date of this promissory note.

Said promissory note has been executed as evidence of a loan granted by the government to the borrower in conformity with the Law from the United States of America Congress entitled Consolidated Farm and Rural Development Act of 1961 or in conformity with Title V of the Housing Act of 1949, pursuant to how they have been amended and is subject to the present regulations of the Farmers Home Administration and the future Regulations which are not inconsistent with said Law. Of which description, I the Authorizing Notary, GIVE FAITH.

ELEVENTH:    That the property object of the present deed and over which the Voluntary Mortgage is constituted, is described as follows:

A.    Rural: Plot of land located in the Garzas Ward of Adjuntas, Puerto Rico, with a capacity of three "cuerdas", equal to one hectare, seventeen ares, ninety-one centiares and one thousand eight hundred sixty-eight ten-thousandths of another, abutting on the North and East with Francisco Pelliccia; on the South, with plots three and four; and on the West, with plot number one.

Registered on page two hundred forty-one of book one hundred thirty-one of Adjuntas, property number four thousand nine hundred sixty-four.

(Handwritten note on left-hand margin: back side of page 131, book 163, , property 4969, eighth registration.)

B.    Rural: Plot of land located in the Garzas Ward of Adjuntas, Puerto Rico, with an area of three "CUERDAS", equal to one hectare, seventeen ares, ninety-one centiares and one thousand eight hundred sixty-eight ten-thousandths of another, abutting on the North and East with Francisco Pelliccia; on the South, with plots three and four; on the West, with Francisco Pelliccia..

Registered on page one hundred thirty of book one hundred forty of Adjuntas, property number five thousand three hundred seventy-two.

(Handwritten note on left-hand margin: page 135, book 155 , property 5372, seventh registration.)

C.    Plot of land located in the Garzas Ward of Adjuntas, Puerto Rico, with an area of three "cuerdas", equal to one hectare, seventeen ares,

(Handwritten note on left-hand margin: back side of page 25, book 137 , property 5172, seventh registration.)

11

ninety-one centiares and one thousand eight hundred sixty-eight ten-thousandths of another, abutting, on the North with Francisco Pelliccia and Francisco Bianchi, their Estate,   East, with plot number two, West, with the Estate of Francisco Bianchi and to the South, with plot number three.

Registered on page twenty-one of book one hundred thirty-seven of Adjuntas, property number five thousand one hundred seventy-two.

D.      Rural: Plot of land located in the Garzas Ward of Adjuntas, Puerto Rico, with an area of TWENTY-THREE "CUERDAS" WITH THREE THOUSAND TWO HUNDRED NINETY-EIGHT ten-thousandths of one "cuerda, equivalent to nine hectares, seventeen ares, ninety-five centiares and seven thousand five hundred eighty-six ten-thousandths of centiares. Its boundaries on the North with Rubén Román, in a portion which is extended from point number two of the plan prepared by Engineer Justo García Méndez, license number three thousand one hundred seventy-two dated September five of one thousand nine hundred fifty-nine, which point is marked with  a stake from a trench following in an upward direction in a straight line through point number three of the plan marked with the "masa" tree, point four, marked with a stake up to point five, marked with a stake on the road at which point the plot forms part of the lance and from here goes down toward points number six, marked with a rock in the creek which runs through this point; on the South, with Ramón Román Rivera, which boundary extends from point number one of the plan marked with an fig  tree following toward the right passing through a mango tree which is on the same boundary until reaching points number seven marked with a reinforced concrete stake; on the East, with the principal property from which it was segregated; parting from point number six going downwards until reaching number seven and on the North, with Patricio Báez; parting from point number one going upwards until reaching  number two.

Registered on page sixty-six of book one hundred seventy of Adjuntas, property number six thousand forty.

(Handwritten note on left-hand margin:  Extensive, page 70, book 170 , property 6040, fourth registration.)

In addition, the ones appearing in this deed state that since they are dealing for a loan for agricultural purposes, they have agreed to not distribute the liability  among the encumbered properties and therefore, all of them shall answer separately, severally and jointly for the principal debt, interest, costs, and other credits guaranteed by this deed, all of it in conformity to Article one hundred nineteen of the Mortgage Act, pursuant to how the same has been amended by Act Number seventy-nine of June twenty-five of one thousand, I say, nine hundred sixty-nine.

The borrower acquired the property described through purchase from Ramón Román Rivera and Guillermina González, pursuant to how it is stated in Deed Number one hundred seventy-one, dated April twenty-six of one thousand nine hundred seventy-eight, executed in the city of Adjuntas before Notary José M. Saliceti. .Said property is found.

.TWELFTH: That there appear as mortgage debtors in the present deed: Mr. NORBERTO ROMAN GONZALEZ and wife MARIA MIRANDA BURGOS, of legal age, married to each other, property owners and residents of Adjuntas, Puerto Ríco, whose postal address is Box five hundred forty-seven, Garzas Ward, Adjuntas, Puerto Rico 00601.

THIRTEENTH: The sum of the loan consigned herein was used or shall used for agricultural purposes and the construction and/or repair and/or improvements of the physical installations of the properties described above.

FOURTEENTH: The borrowers shall personally occupy and use any structure that may have been built, improved or purchased with the sum of the loan guaranteed herein and shall not lease or use for other purposes said structure unless the Government consents to it in writing. The violation of this clause like the violation of any other agreement or clause contained herein shall bring about the maturity of the obligation as if the entire term had elapsed and in attitude the Government were to declare the loan due or payable and proceed to the foreclosure of the mortgage.

FIFTEENTH: This mortgage is expressly extended to any existing construction or building on the property or properties described and to any improvement, construction or building which is built on said property during the effective period of the mortgage loan constituted in favor of the Government, verified by the present debtor owners or by their cessionnaires or assigns.

12

SIXTEENTH:   By means of the present document, the Mortgage Debtors, waive, severally and jointly by themselves and in the name of his heirs, successors, assigns or representatives, in favor of the creditor (Farmers Home Administration), any Homestead right which in the present or in the future he could have in the property described in the eleventh paragraph and in the buildings located therein or which were to be built in the future;  this is allowed in favor of the Farmers Home Administration by Act Number thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH:   The creditor and the mortgage debtor agree that any stove, oven, heater purchased or financed entirely or partially responds from the loan guaranteed herein, shall be considered and construed as part of the property encumbered by this Mortgage.

(Note on the left-hand margin of this page: It's a faithful and exact copy of its original which with the number with which it is headed appears in my current protocol of public instruments, to which I make reference (illegible) Internal Revenue and (illegible) I issue (illegible), Signed José M. Saliceti.)

EIGHTEENTH:       MORTGAGE DEBTOR, by means of the present document, severally and jointly waives, by himself and in the name of his heirs, assigns, successors or representatives, in favor of the mortgage creditor, Farmers Home Administration, any Homestead right which in the present or in the future, he may have with regard to the property described in the   eleventh paragraph and in the buildings located therein or which were to be built in the future;  this waiver is  allowed in favor of the  Farmers Home Administration by Act Number Eleven, I say, number Thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

## ACCEPTANCE AND WARNINGS

The ones appearing accept this deed in the manner in which it is drafted due to its being in conformity to their wishes, and I, the Notary, stated to the parties the warnings of law relevant to this act.

That is how the ones appearing before my presence so state and execute it and having read this deed in its entirety, on the part of the ones appearing herein, they ratify themselves as to its contents and sign the present deed, also stamping their initials on the margin of each page of this deed.

IN REGARD TO ALL OF WHICH, as well as of having observed all the requirements of Law, I, the Notary, after signing, stamping, paraphing and putting my Notary's mark on it, GIVE FAITH.

Signed:     Norberto Román González, María Miranda Burgos.    THEIR INITIALS ARE ON THE MARGIN.
SIGNED: signed, stamped, paraphed, JOSE M. SALICETI.

13

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

Forma FmHA 427-1 PR
10/77

——————————NUMERO   CIENTO SETENTA Y DOS——

————————HIPOTECA VOLUNTARIA——

En   Adjuntas, Puerto Rico a   veintiseis de abril———
de mil novecientos   setenta y ocho.————————————
————————————ANTE MI ————————————

Abogado y Notario Público de esta Isla con residencia y vecindad en

Adjuntas, Puerto Rico   y oficina en   Adjuntas, P.R.———

————————COMPARECEN————————

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.——————

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ——————————

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento,   y en su virtud libremente——

EXPONEN

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". ——————————

SEGUNDO: Que los bienes aquí hipotecados están   afectos   a los
gravámenes que se especifican en el párrafo UNDECIMO. ——————————

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avaluos (impuestos), primas de

FORMA FmHA 427-1 PR

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria. ————————————————————————————————

CUARTO: Se sobreentiende que: ————————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidada la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada. ————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado.

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré. ——————————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual". ————————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario. ——————————————————————————————

(Seis)  Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré

—2—

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ————————————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo, tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento. ————————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:————————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del **cinco** por ciento ( 5 %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,

—4—

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ————————————————————————————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca, con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ————————————————————————————

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ————————————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ——————————————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ——————————————

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que

—5—

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ----------

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ----------

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ----------

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ----------

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ----------

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos

—6—

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro

—7—

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. ------------------------------

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario: (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos. ------------------------------

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ————————————

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así·como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ————————————

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá·celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de  TREINTA Y DOS MIL DOLARES,————— $32,000.00).—————————————————————————

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ————————————

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré:  TREINTA— Y DOS MIL ———————————— DOLARES ($ 32,000.00 el principal de dicho pagaré, con sus intereses según estipulados a razón del cinco por ciento ( 5 %) anual; ————————————————

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:

(A)  TREINTA Y DOS MIL———————————————— ———————————————— DOLARES ($ 32,000.00

—9—

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; ――――――――――――――――――

(B)   CUARENTA Y OCHO MIL ―――――――――――――――――――――――― DOLARES ($ 48000.00 )

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ――――――――――――――

Tres. En cualquier caso y en todo tiempo; ――――――――――――――――――

(A)   DOCE MIL OCHOCIENTOS ――――――――――――――――――――――――――― DOLARES ($ 12800.00 )

para intereses después de mora; ―――――――――――――――――――――――

(B)   SEIS MIL CUATROCIENTOS―――――――――――――――――――――― DOLARES ($ 6400.00 )

para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ――――――――――――――――――――――――――――――

(C)   TRES MIL DOSCIENTOS ――――――――――――――――――――――――― DOLARES ($ 3200.00 )

para costas, gastos y honorarios de abogado en caso de ejecución; ――――――

(D)   TRES MIL DOSCIENTOS――――――――――――――――――――――――― DOLARES ($ 3200.00 )

para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ―――――――――――――――――――

DECIMO:  Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ――――――――――

"Pagaré otorgado en el caso número    sesenta y tres raya treinta y cinco        ―――――――――――

(63-35―    ――――    fechado el día    veintiseis――――

―― de    abril    de mil novecientos    setenta y ocho――

(26-4-78)―――――――――――――――――――――――――――――/.

10

Forma FmHA 427-1 PR
10/77

por la suma de   TREINTA Y DOS MIL────────────

────── dólares de principal más intereses sobre el balance del principal

adeudado a razón del        cinco─────────────────── ───

**por ciento** 5%   ) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los        CUARENTA──── años de la fecha de este pagaré.

Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley .  De cuya

descripción, yo, el Notario Autorizante, DOY FE. ─────────────

UNDECIMO:  Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue: ──────────

──────A.  Rústica: Predio de terreno  sito en el
barrio Garzas de Adjuntas, Puerto Rico, con ca-──────
bida de tres cuerdas , iguales a una hectárea,──────
diez y siete áreas, noventa y una centiáreas──────,
y mil ochocientos sesenta y ocho diez milésimas──
de otra, en lindes  por el Norte y Este, con Fran-
cisco Pellicci; por el Sur, con las parcelas──────
tres y cuatro; y al Oeste, con la parcela número───
uno.──────────────────────────────

Inscrita al folio  doscientos cuarenta y uno del to-
mo  ciento treinta y uno de Adjuntas,  finca número-
cuatro mil novecientos sesenta y cuatro.──────────

──────B. Rústica: Predio de terreno radicado en el──
barrio Garzas de Adjuntas, Puerto Rico  cabida de──
TRES CUERDAS, equivalentes a  una hectárea, diez y-
siete áreas, noventa y una centiáreas y mil ocho──
cientos sesenta y ocho diez milésimas de otra──────
en lindes por el Norte y Este, con Fran-──────
cisco Pellicci; por el Sur, con las parcel as──────
tres y cuatro; por el Oeste, con Francisco Pellicci

Inscrita al folio ciento treinta del tomo ──────────
ciento cuarenta de Adjuntas, finca número  cinco───
mil trescientos setenta y dos.──────────

C. Predio de terreno radicado en el barrio  Garzas──
de Adjuntas, Puerto Rico , con cabida de tres cuerdas
equivalentes a una hectárea, diez y siete áreas──────

FORMA FmHA 427-1 PR

noventa y una centiáreas y mil ochocientos sesenta y ocho diez milésimas de otra, en lindes por el Norte, con Francisco Pellicia y Francisco ------ Bianchi, Sucn., ESTE, con parcela número dos------ Oeste, con Sucesión de Francisco Bianchi y al --- Sur, con parcela número tres. ------------------

Inscrita al folio veintiuno del tomo ciento treinta y siete de Adjuntas, finca número cinco mil ciento setenta y dos. -------------------------------

D. Rústica: Predio de terreno radicado en el barrio Garzas de Adjuntas, Puerto Rico, con cabida de ---- VEINTITRES CUERDAS CON TRES MIL DOSCIENTOS NOVENTA Y OCHO DIEZ milésimas de cuerda, equivalentes a nueve hectáreas, diez y siete áreas, noventa y cinco ---- centiáreas y siete mil quinientos ochenta y seis diez milésimas de centiárea. Son sus colindancias por el Norte, con Rubén Román en una porción que se - extiende desde el punto número dos del plano ------ levantado por el Ingeniero Justo García Méndez --- licencia número tres mil ciento setenta y dos de fecha cinco de septiembre de mil novecientos cin---- cuenta y nueve cuyo punto está marcado con un ---- estacón de una zanja siguiendo hacia arribaa en --- línea recta a través del punto número tres del plano marcado con el árbol de masa, el punto cuatro, marcado con un estacón hasta el punto cinco, marcado con un estacón en un camino en cuyo punto el predio forma parte de la lanza y de aquí baja hasta el punto número seis, marcado con una piedra en la quebrada que por este punto discurre; por el Sur, con Ramón Román Rivera, cuya colindancia se extiende desde el punto número uno del plano marcado con un árbol de higuerillo siguiendo hacia la derecha pasando por un árbol de mangó que está en la misma colindancia hasta llegar al punto número siete marcado con un estacón de hormigón; por el Este, con la finca principal de que fuera segregada, partiendo desde el punto --- número seis hacia abajo hasta llegar al número si ete y por el Norte, con Patricio Báez; partiendo desde el punto número uno hacia arriba hasta llegar al -- número dos. ----------------------------------

Inscrita al folio sesenta y seis del tomo ciento --- setenta de Adjuntas, finca número seis mil cuarenta.

Manifiestan además los comparecientes en esta ----- escritura que por tratarse de un préstamo para fines agrícolas, han acordado en no distribuir la respon- sabilidad entre las fincas gravadas y por lo tanto todas responderán por separado solidaria y mancomuna- damente de la deuda principal, intereses, costas,--- y demás créditos garantizados por esta escritura---- todo ello conforme al Artículo ciento diez y nueve de la Ley Hipotecaria, según el mismo ha sido ------ enmendado por la Ley número setenta y nueve del 25 de junio de mil novecientos sesenta y nueve.-------------

Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a ————————

RAMON ROMAN RIVERA y GUILLERMINA GONZALEZ————————

según consta de la Escritura Número    CIENTO SETENTA Y UNO—

———————— de fecha    veintiseis de abril de mil nove-

cientos setenta y ocho————————————————————————

otorgada en la ciudad de            Adjuntas————————

ante el Notario    JOSE M. SALICETI————————————————————

Dicha propiedad se encuentra                   :

DUODECIMO:  Que comparecen en la presente escritura como Deudores

Hipotecarios Don  NORBERTO ROMAN GONZALEZ y esposa MA
RIA MIRANDA BURGOS, mayores de edad, casados entre-
sí, propietarios y vecinos de Adjuntas,P.R.—

cuya dirección postal es:    Apartado quinientos cuarenta -
y siete - Bo. Garzas  - Adjuntas,Puerto Rico.
00601.————————————————————————————————————

DECIMO TERCERO:  El importe del préstamo aquí consignado se usó
o será usado para fines agrícolas y la construcción y/o reparación y/o
mejoras de las instalaciones físicas en la finca(s) descrita(s). ——————————

DECIMO CUARTO:  El prestatario ocupará personalmente y usará cualquier
estructura que haya sido construída, mejorada o comprada con el importe del
préstamo aquí garantizado y no arrendará o usará para otros fines dicha
estructura a menos que el Gobierno lo consienta por escrito.  La violación de
esta cláusula como la violación de cualquiera otro convenio o cláusula aquí
contenida ocasionará el vencimiento de la obligación como si todo el término
hubiese transcurrido y en aptitud el Gobierno de declarar vencido y pagadero
el préstamo y proceder a la ejecución de la hipoteca.——————————————

DECIMO QUINTO:   Esta hipoteca se extiende expresamente a toda
construcción o edificación existente en la(s) finca(s) antes descrita(s) y a toda
mejora, construcción o edificación que se construya en dicha finca(s) durante
la vigencia del préstamo hipotecario constituído a favor del Gobierno,
verificada por los actuales dueños deudores o por sus cesionarios o causa-
habientes. ————————————————————————————————

FORMA FmHA 427-1 PR

12

Forma FmHA 427-1 PR
10/77

DECIMO SEXTO:   El deudor hipotecario por la presente renuncia mancomunada y solidariamente por sí y a nombre de sus herederos causahabientes, sucesores o representantes a favor del acreedor (Administración de Hogares de Agricultores), cualquier derecho de Hogar Seguro (Homestead) que en el presente o en el futuro pudiera tener en la propiedad descrita en el párrafo undécimo y en los edificios allí enclavados o que en el futuro fueran construidos;  renuncia esta permitida a favor de la Administración de Hogares de Agricultores por la Ley Número trece (13) del veintiocho (28) de mayo de mil novecientos sesenta y nueve (1969) (31 L.P.R.A. 1851). -

DECIMO SEPTIMO:   El acreedor y el deudor hipotecario convienen en que cualquier estufa, horno, y calentador comprado o financiado total o parcialmente con fondos del préstamo aquí garantizado, se considerará e interpretará como parte de la propiedad gravada por esta Hipoteca. ————

DECIMO-OCTAVO:—  EL DEUDOR HIPOTECARIO por ———— la presente renuncia mancomunada y solidariamente—— por sí y a nombre de sus herederos, causahabientes—— sucesores o representantes  a favor del acreedor—— hipotecario(Administración de Hogares de Agricul—— tores ),  cualquier derecho  de Hogar Seguro—— (Homestead) que en  el presente  o en el futuro—— pudiera tener en la propiedad descrita  en el pá—— rrafo undécimo  y en los edificios allí enclavados— o que en el futuro fueran construidos;renuncia—— esta permitida  a favor de la Administración—— de Hogares de Agricultores  por la Ley Número—— Once  ,digo, número Trece (13) del veintiocho de— mayo de mil novecientos sesenta y nueve——— ( 1969)  (31 L.P.R.A.  1851).————

————ACEPTACION Y ADVERTENCIAS————

Los comparecientes aceptan esta escritura en——— la forma en que está redactada por ser conforme—— a sus deseos, Y Yo el Notario he hecho a las—— partes las advertencias de ley pertinentes a este— acto. — — — — — — — — — — — — — — — — —

ASI lo dicen y otorgan los comparecientes ante mi— presencia y leída esta escritura en su integridad por los comparecientes en su contenido se ratifican y firman la presente escritura estampando además— sus iniciales al margen de cada folio de esta escri— tura.

DE TODO LO CUAL, así como de haber observado todos— los requisitos de Ley, Yo el Notario,luego de—— firmar, signar, sellar y rubricar— DOY FE.

Firmados:- Norberto Román González, María Miranda— Burgos.——————————AL MARGEN SUS INICIALES
FIRMADO: signado, sellado,rubricado, JOSE M. SALICETI

Agricultura - Jay-Ce Printing

13

Consta este documento que
indican las notas puestas al
margen de las inscripciones de
las fincas. La fca. #6040 se
halla afecta a esa hipoteca
por $1,350.00 a favor de la
Corp. Crédito Agrícola y todas
afectas a lo que comprende
este documento. Hecho
a 19 de enero 1979.

Sin derechos

_Doña M. de Laverga_
Registrador

## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married
and resident of Guayama, Puerto Rico. In my
official capacity as State Executive Director of
the Farm Service Agency, U.S. Department of
Agriculture, hereby declare under penalty of
perjury that this is a true and exact copy of
the original document which I have under my
custody.
San Juan, Puerto Rico

Juan M. Ortiz Serbiá
State Executive Director

Exhibit 3

FmHA Form 1940-17(S)  (Rev. 11-1

### DEPARTMENT OF AGRICULTURE OF THE UNITED STATES
### FARMERS HOME ADMINISTRATION

PROMISSORY NOTE

<table>
<tr><td colspan="2">TYPE OF LOAN<br>Type:   Farm Ownership-Subsequent<br>In accordance to:<br>[x]  Consolidated Farm & Rural Development Act<br>[ ]  Emergency Agricultural Credit Adjustment Act of 1978</td></tr>
<tr><td colspan="2">Name<br><br>NORBERTO ROMAN GONZALEZ</td><td>ACTION REQUIRING PROMISSORY NOTE<br>[ ] Initial Loan              [ ]  New Payment Plan<br>[ X] Subsequent Loan    [ ]  Reamortization</td></tr>
<tr><td>State<br>PUERTO RICO</td><td>Office<br>ADJUNTAS</td><td>[ ]  Consolidation and       [ ]   Credit Sale<br>    subsequent loan</td></tr>
<tr><td>Case Number<br>63-35-</td><td>Date<br>July 15, 1981</td><td>[ ]  Consolidation          [ ]   Deferred Payments</td></tr>
</table>

FOR VALUE RECEIVED, the subscribing Borrower and any other co-debtor, severally and jointly, we shall pay to the order of the United States of America, acting through the Farmers Home Administration of the Department of Agriculture of the United States (henceforth referred to as the "Government") or its cessionnaire at its office in Adjuntas, Puerto Rico or at any other place designated by the Government in writing, the principal sum of SIX  THOUSAND AND 00/1000 dollars ($6,000.00) plus interest on the principal owed at __FIVE__ PERCENT (5.0000) % annually.  If this promissory note is for a Limited Resources loan (indicated in the superior clause "Type of Loan"), the Government may CHANGE THE PERCENTAGE OF INTEREST, in accordance to the regulation of the Farmers Home Administration, not more frequently than every trimester, notifying the Borrower in writing with thirty (30) days of advance notice at his last address. The new interest rate must not exceed the highest interest rate established in the regulations in the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in  37  Installments, as indicated below, except if modified by a different interest rate, on or before the following dates:

$  50.00 _____ on January 1, 1982;     $_____ on January 1, 19 ;

$ 100.00 _____ on January 1, 1983;     $_____ on January 1, 19 ;

$ 200.00 _____ on January 1, 1984;     $_____ on January 1, 19 ;

$_____ on January 1, 19 ;       $_____ on January 1, 19 ;

$_____ on January 1, 19 ;       $_____ on January 1, 19 ;

and $ 370.00 __, subsequently on January 1 of each year until the principal and interest have been completely paid off except that the final installment of the debt evidenced herein, is not previously paid, shall be due and payable within 40 years of the date of this promissory note and except that payments could be made in advance as stated further on. The consideration involved herein shall back any agreement modifying the payment plan.

If the total amount of the loan is not advance as of the date of the closing, the loan may be advanced to the Borrower as requested by the Borrower and approved by the Government. The approval of the Government shall be given as long as the advance is requested for a purpose authorized by the Government. Interest shall be accrued for the amount of each advance payment from its present date as is shown in the Registry of Advance Payments at the end of this promissory note.  The Borrower authorizes the Government to write down the amounts and dates of such advance payments in the Registry of Advance Payments.

In each reamortized or consolidated promissory note, or with the new payment plan, the interest accrued as of the date of this instrument must be added to the principal and that new principal shall accrue interest at the rate of the percentage evidenced by this instrument.

Any payment made in any debt represented by this promissory note shall first be applied to interest calculated as of the effective date of the payment and afterwards to the principal.

Jay-Ce-Agriculture                                Position 2

FmHA Form 1940-17(S)
(Rev. 11-1-78)

2

Payments made in advance of the stipulated installments or of any part of the same, may be made at any time at the option of the Borrower. Reimbursements and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in accordance to the source of the funds involved, after paying the interest, shall be applied to the last installments to be due under this promissory note and will not affect the obligation of the Borrower to pay the remaining installments as is specified in the same. If the Government at any time were to cede this promissory note and ensure the payment of the same, the Borrower shall continue making the payments to the Government as the collecting agent for the holder.

While this promissory note is in the power of an insured Borrower, the advance payments made by the Borrower may, at the option of the Government, be forwarded by the Government promptly to the holder, or, with the exception of the final payment, they may be withheld by the Government and forwarded to the holder on the basis of the annual installment due. The effective date of any payment made by the Borrower, except payments which have been withheld and forwarded by the Government to the holder on the basis of the annual instalment due shall be the date of the check from the Treasury of the United States by means of which the Government forwards the payment to the holder. The effective date of any advance payment withheld and forwarded by the Government to the  holder on the basis of annual installment due, shall be the date of the payment advanced by the Borrower and the Government shall pay the interest at which the holder is entitled to be accrued between the effective date of any of said advance payments and the date of the check of the Treasury forwarded to the holder.

Any amount advanced or invested by the Government for the collection of this promissory note or to preserve or protect the guaranty of the loan or in another manner invested under the terms of any guaranty agreement or other instrument executed with regard to the loan evidenced herein, at the option of the Government, may go on to become part of the loan and shall accrue interest at the same rate of interest as that of the principal of the debt evidenced herein and shall be due and payable immediately by the Borrower to the Government without the need for requirement.

The property built, improved, purchased or refinanced in total or in part with the loan evidenced herein shall not be leased, ceded, sold, transferred or encumbered voluntarily or in another form, without the prior consent in writing on the part of the Government. Unless the Government consents to the contrary in writing, the Borrower shall personally operate said property as a farm if this loan is to a farm owner (FO).

If a "Consolidation and a Subsequent Loan", "Consolidation", "Reamortization", or a "New Payment Plan" is indicated in the top clause of the first page, "Action Requiring Promissory Note", this promissory note is executed to consolidate, reamortize or evidence an new payment plan but not in satisfaction of the principal and interest of the following promissory notes or subrogation agreement(s) (new terms).

| VALUE OF THE PROMISSORY NOTE | INTEREST | DATE | ORIGINAL BORROWER | LAST INSTALLMENT DUE |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

The guaranty documents taken with regard to the loans evidenced by these promissory notes described or other related obligations are not affected by the granting of this consolidation, reamortization or new payment. Plan. These guaranty instruments shall continue in effect and the guaranty offered for the loans evidenced by the promissory notes described shall remain as guaranty for the loan evidenced by this promissory note and by any other related obligation.

REFINANCING AGREEMENT: If at any moment the Government were to determine that the Borrower may obtain a loan from a responsible credit union or another private source of credit at a reasonable rate of interest and terms for loans for similar time and conditions, the Borrower, at the request of the Government, shall request and accept the loan in a sufficient amount to satisfy this promissory note in its entirety and pay the necessary shares if the lender is a cooperative.

BREACH: The lack of payment upon its due date regarding any debt evidenced herein or the breach of any condition or agreement under this document shall constitute breach  under any other instrument evidencing a debt of the Borrower insured or guaranteed by the Government or in any other form related to said debt; the breach under any other said instrument shall constitute breach  under the terms of this document. ANY BREACH THAT IS  COMMITTED, the Government, at its option, may declare all or part of said debt due and immediately payable.

3

   This Promissory Note is executed as evidence of a loan granted to the Borrower or insured by the Government in accordance to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the box "TYPE OF LOAN" further up.  This Promissory Note shall be  subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the stipulations consigned herein.

Presentation, protest and notice are by means of the present document expressly waived.

<u>   (signed)   </u>
Norberto Román González          (Borrower)


<u>   (signed)   </u>
María Miranda                    (Borrower)


<u>Box 383,  Garzas Ward,   Adjuntas,  P.R.</u>
                        00601

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

| REGISTRY OF ADVANCE PAYMENTS | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $6,000.00 | 7-15-81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | $5,000.00 | |

Jay-Ce-Agriculture                    Position 2                    Form FmHA 1940 17-(S)
                                                                    (Rev. 11-1-78)

Forma FmHA 1940-17 (S)
(Rev. 11-1-78).

**DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS**
**ADMINISTRACION DE HOGARES DE AGRICULTORES**

**PAGARE**

| CLASE DE PRESTAMO |
|---|
| Tipo: FARM OWNERSHIP-SUBSEQUENT |
| De acuerdo a: RECURSOS LIMITADOS |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre NORBERTO ROMAN GONZALEZ | | ACCION QUE REQUIERE PAGARE: |
|---|---|---|
| Estado PUERTO RICO | Oficina ADJUNTAS | ☐ Préstamo Inicial ☐ Nuevo Plan de Pago<br>☒ Préstamo Subsiguiente ☐ Reamortización<br>☐ Consolidación y préstamo ☐ Venta a Crédito<br>subsiguiente ☒ Pago Diferidos<br>☐ Consolidación |
| Caso Núm. 63-35-! | Fecha 15 DE JULIO DE 1981 | |

*V. R. G.*

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en ⸺⸺⸺ADJUNTAS, PUERTO RICO ⸺⸺⸺

o en otro sitio designado por el Gobierno por escrito, la suma principal de ⸺⸺SEIS MIL CON ⸺⸺⸺

⸺⸺⸺00/100 dólares ($ 6,000.00 ) más intereses sobre el principal adeudado al

CINCO ⸺⸺⸺ **POR CIENTO** ( 5.0000 %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES**, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en ⸺37⸺ plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | | |
|---|---|---|---|---|
| $ 50.00 | en enero 1, 19 ;82 | $ | | en enero 1, 19 ; |
| $ 100.00 | en enero 1, 19 ;83 | $ | | en enero 1, 19 ; |
| $ 200.00 | en enero 1, 19 ;84 | $ | | en enero 1, 19 ; |
| $ | en enero 1, 19 ; | $ | | en enero 1, 19 ; |
| $ | en enero 1, 19 ; | $ | | en enero 1, 19 ; |
| y $ 370.00 | | | | |

, subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en ⸺40⸺ años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_____ (Prestatario)
Norberto Román González

_____ (Prestatario)
María Miranda

### CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico ----------------------------

_____
Juan M. Ortiz Serbiá
State Executive Director

_____
Buzon 383, Bo. Garzas, Adjuntas, P. R.
00601

_____

_____

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 6,000.00 | 7-15-81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | TOTAL $ 6,000.00 | |

FmHA Form 427-1 PR   10/77

(Note: all the pages are stamped with the seal of José M. Saliceti, Attorney, Notary, Island of Puerto Rico.)
(Note: all the pages are stamped with the seal of the Property Registry, Utuado Section, Puerto Rico.)

### NUMBER ONE HUNDRED   EIGHTY-NINE

### VOLUNTARY MORTGAGE

In Adjuntas, Puerto Rico on July fifteen of one thousand nine hundred eighty-one.

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*

PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

### BEFORE ME

### JOSE M. SALICETI

Attorney and Notary Public of this Island with residence and domicile in Adjuntas, Puerto Rico and office in Adjuntas, Puerto Rico.

### APPEARING

The persons named in the TWELFTH paragraph of this mortgage henceforth referred to as the "mortgage debtor" and whose personal circumstances appear from said paragraph.

I give faith of the personal knowledge of the ones appearing, as well as on the basis of their statements regarding their age, civil status, occupation and domicile.

They assure me of being in the full enjoyment of their civil rights, the free administration of their goods and in my judgment, having the necessary legal capacity for this execution, and by this virtue, freely:

### STATE

FIRST:   The mortgage debtor is the owner of the property or properties described in the ELEVENTH paragraph as well as of all the rights and interest in the same, referred to henceforth herein as "the goods".

SECOND:   That the goods mortgaged herein are encumbered to the liens which are specified in the ELEVENTH paragraph.

THIRD:    That the mortgage debtor has an obligation with regard to the to the United States of America, acting through the Farmers Home Administration, henceforth referred to herein as the "mortgage creditor", with regard to a loan or loans evidenced by one or more promissory notes or subrogation agreement, henceforth referred to as the "promissory note", whether they are one or more. It is required by the Government that additional monthly payments be made of one twelfth of the taxes, assessments (taxes), insurance

-1-

premiums and other charges v....ch have been estimated with regard to ...e mortgaged property.

FOURTH:      It is clearly understood that:

(One)  The promissory note evidence of a loan or loans to the mortgage debtor for the sum of the principal, specified in the same, granted, for the purpose and the intention that the mortgage creditor may cede the promissory note at any time and insure its payment in conformity with the Minutes of one thousand nine hundred and sixty-one consolidating the Farmers Home Administration or the Fifth Title of the Housing Act of one thousand nine hundred and forty-nine, pursuant to how it has been amended.

(Two)  When the payment of the promissory note is guaranteed by the mortgage creditor, it may be ceded from time to time and each holder of said promissory note in turn shall be the insured lender.

(Three)  When the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor will grant and hand over to the insured lender together with promissory note an endorsement of insurance totally guaranteeing the payment of the principal and interest of said promissory note.

(Four)  At all times that the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor, through an agreement with the insured lender, shall determine in the  insurance endorsement the portion of the payment of interest of the  promissory note that shall be designated as "annual charge".

(Five)  A condition of the insuring of the payment of the promissory note shall be that the holder shall cede all of its rights and remedies against the mortgage debtor and any other with regard to said loan as well as with regard to the benefits of this mortgage and accept instead the benefits of the insurance, and in the event of violation of any agreement or stipulation contained herein or in the promissory note or in any supplementary agreement on the part of the mortgage debtor, at the requirement of the mortgage creditor, shall endorse the promissory note to the mortgage creditor.

(Six)   Among other things, it is the purpose and intention of this mortgage,  that at all times when the promissory note is in the power of the  mortgage creditor, or in the case in which  the mortgage creditor cedes this mortgage without insuring the promissory note, this mortgage shall guarantee the payment of the promissory note but when the promissory note

-2-

is in the power of an insured lender, this mortgage will not guarantee the payment of the promissory note or form part of the debt evidenced by the same, but with regard to the promissory note and to said debt, it shall constitute a mortgage of indemnification to guarantee to the mortgage creditor against any loss under the endorsement of insurance due to the cause of any breach on the part of the mortgage debtor.

FIFTH:    That in consideration to the loan and (a) at all times that the promissory note is conserved by the mortgage creditor or in the case that the mortgage creditor cedes the present mortgage without the insurance of the payment of the promissory note and in guarantee of the sum of the promissory note pursuant to how it is specified in sub-paragraph (One) of the NINTH paragraph with its interest at the stipulated rate and to ensure the prompt payment of said promissory note, its renewal or extension and any agreement contained in the same, (b) at all times that the promissory note is held by the insured lender in guarantee for the sums specified in sub-paragraph (Two) of the NINTH paragraph consigned herein, to guarantee the fulfillment of the agreement of the mortgage debtor to indemnify and maintain the mortgage creditor free against losses under the endorsement of insurance due to the breach on the part of the mortgage debtor,  and (c) in any case and at all times in guarantee of the additional sums consigned in sub-paragraph (Three) of the NINTH paragraph of this instrument and to ensure the compliance of each and every one of the agreements and stipulations of the mortgage debtor contained herein or in any other supplementary agreement, the mortgage debtor, by means of the present document, constitutes a voluntary mortgage in favor of the mortgage creditor with regard to the goods described in the ELEVENTH paragraph further on, as well as over the rights, interest, rights of way, hereditary rights, accessions belonging to the same, any rental fees, credits, benefits from the same and all product and income from the same, any personal improvement or property in the present or which in the future is added  or which is reasonably necessary for the use of the same, with regard to the waters, the water rights or shares in the same, belonging to the properties or to all payments which at any time are owed to the mortgage debtor by virtue of the sale, lease, transfer, alienation or total or partial expropriation of or due to damages to any part of the same or to the interest in them, it being understood that this lien shall be in full effect until the amounts specified in the NINTH paragraph with their interest, before and after the due date, until the same have been paid off in their entirety.  In the event of foreclosure, the goods shall answer for the payment of the principal, the interest before and after the due date, until they have been totally

-3-

paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor the costs, expenses and attorney's fees of the mortgage creditor. Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH: The mortgage debtor expressly agrees to the following:

(One) Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor. At all times when the promissory note is held by the insured lender, the mortgage debtor shall continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two) To pay the mortgage creditor an initial fee for inspection and appraisal and any charge for arrears required in the present or in the future by the regulations of the Farmers Home Administration.

(Three) At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.

Any sum due and unpaid under the terms of the promissory note, whether this is held by the mortgage creditor or by the insured lender, may be credited by the mortgage creditor toward the promissory note and as a result shall constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of five percent (5%) annually from the date when the payment was due until the date when the mortgage debtor so satisfies it.

(Four): Whether the promissory note was insured by the mortgage creditor or not,

-4-

any or all advance payments made by the mortgage creditor for the insurance premium, repairs, encumbrances or other claims in the protection of the mortgaged goods or for taxes or other similar expenses due to the fact that the mortgage debtor had stopped paying the same, shall accrue interest at the rate of the type stipulated in the previous sub-paragraph from the date of said advance payments until the same have been satisfied by the mortgage debtor.

(Five) Any advance payment made by the mortgage creditor described in this mortgage with its interest shall be due immediately and shall be payable by the mortgage debtor to the mortgage creditor without the need for any requirement whatsoever at the place designated in the promissory note and shall be guaranteed by means of the present mortgage. No advance payment made by the mortgage creditor shall release the mortgage debtor from its violation of the agreement to pay. Said advance payments, with their interest shall be reimbursed from the first payments received from mortgage debtor. If there were no advance payments, any payment verified by the mortgage debtor may be applied toward the promissory note or toward any other debt of the mortgage debtor guaranteed herein in the order in which it were to be determined by the mortgage creditor.

(Six) Use the sum of the loan evidenced by the promissory note solely for the purpose authorized by the mortgage creditor.

(Seven) To pay upon their maturity the taxes, special taxes, liens and charges which encumber the goods or the rights or interest of the mortgage debtor under the terms of this mortgage.

(Eight) Obtain and maintain insurance against fire and other risks as required from the mortgage creditor with regard to the existing buildings and the improvements on the goods or any other improvement introduced in the future. The insurance against fire and other risks shall be in the form and for the amounts, terms and conditions approved by the mortgage creditor.

(Nine) Conserve the goods in good conditions and promptly verify the necessary repairs for the conservation of the goods; shall not commit nor allow the commission of any deterioration of the goods; neither shall remove nor demolish any building or improvement in the goods, neither shall cut or remove wood from the farm, neither shall remove nor allow the removal of gravel, sand, oil, gas, charcoal or other minerals without the consent of the mortgage creditor and shall promptly carry out the repairs on the goods that

-5-

the mortgage creditor requires from time to time.  The mortgage debtor shall comply with those practices for the conservation of soil and the plans of the property and of the home which the mortgage creditor may prescribe from time to time.

(Ten)  If this mortgage is granted for a loan to a property owner pursuant to how it is identified in the regulations of the Farmers Home Administration, the mortgage debtor personally shall operate the goods by themselves and by means of his family as a farm and for no other purpose and shall not lease the farm or part of it unless the mortgage creditor consents to it in writing in another method of operation or to the lease.

(Eleven)    Shall submit in the manner and form in which the mortgage creditor requires the information regarding his income and expenses and any other information related to the operation of the goods and shall comply with all the laws, ordinances and  regulations affecting the goods or their use.

(Twelve)    The mortgage creditor, his agents and attorneys, shall at all times have the right to inspect and examine the goods for the purpose of determining whether the  guaranty granted is being undermined or deteriorated, and if said examination or inspection were to determine, in the judgment of the mortgage creditor, that the guarantee granted is being undermined or deteriorated, such condition shall be considered as a violation on the part of the mortgage debtor of the agreements of this mortgage.

(Thirteen)    If any other person were to illegally keep or challenge the right of possession of  the mortgage debtor with regard to the goods, the mortgage debtor shall immediately  notify the mortgage creditor of said action and the mortgage creditor, at his option, may institute those procedures that were necessary in defense of his interest and the expenses and outlays incurred in by the mortgage creditor in said proceedings, shall be charged to the debt of the mortgage debtor and shall be considered guaranteed by this mortgage within the additional credit of the mortgage clause for advance payments, expenses and other payments.

(Fourteen)    If the mortgage debtor, at any time while this mortgage is in effect, were to abandon the goods or voluntarily hand them over to the mortgage creditor, the mortgage creditor is, by means of the present document authorized and with powers to take possession of the goods, lease them and administrate the goods and collect their rental fees, benefits and income of the same

-6-

and apply them in the first term to the expenses for collection and administration and in second term to the payment of the debt evidenced by the promissory note or any other debt of the mortgage debtor and guaranteed herein, in the order and manner in which it were to be determined by the mortgage creditor.

(Fifteen)   At any time that the mortgage creditor were to determine that the mortgage debtor could obtain a loan from a credit association for production, from a Federal Bank or other reliable source, cooperative or private, at a reasonable rate of interest and terms for loans for similar time and purposes, the mortgage debtor, at the request of the mortgage creditor, shall request and accept said loan in sufficient amount to satisfy the promissory note and any other debt guaranteed herein and pay for the necessary shares at the cooperative agency with regard to said loan.

(Sixteen)    The lack of fulfillment of any of the obligations guaranteed by this mortgage, or if the mortgage debtor or any other person included as mortgage debtor were to default in the payment of any amount or violate or not comply with any clause, condition, stipulation or covenant or agreement contained herein, or in any supplementary covenant, or were to die or declared himself or were to be declared incompetent, in bankruptcy, insolvent or were to make a cession to the benefit of his creditors, or the goods or part of them or any interest in the same were to be ceded, sold, leased, transferred or encumbered, voluntarily or in another manner, without the written consent on the part of the mortgage creditor, the mortgage creditor is irrevocably authorized and empowered, at his option and without notice:  (One)  to declare any unpaid debt under the terms of the promissory note or any other debt to the mortgage creditor guaranteed herein, immediately due and payable and proceed to its foreclosure in agreement to the law and the terms of the same;  (Two)  incur and pay the reasonable expenses for the repair or maintenance of the goods and any expense or obligation which the mortgage debtor did not pay pursuant to how it was agreed upon in this mortgage, including the taxes, insurance premium and any other payment or expense for the protection and conservation of the goods and of this mortgage or lack of compliance of any precept of this mortgage and (Three) to request the protection of the law.

(Seventeen)   The mortgage debtor shall pay or reimburse the mortgage creditor all the necessary expenses for the faithful compliance of the covenants and agreements of this mortgage, those of the promissory note and in any other

-7-

supplementary agreement, including the expenses for surveying, evidence of title, costs, registration and attorney's fees.

(Eighteen)    Without affecting in any way whatsoever the rights of the mortgage creditor to request and enforce compliance on any later date  the covenants, agreements or obligations contained herein or similar ones or other covenants and without affecting the liability of any person for the payment of the promissory note or any other debt guaranteed herein and without affecting the lien imposed on the goods or the priority of the lien, the mortgage creditor is, by means of the present document, authorized and empowered at any time (One)  to waive the compliance of any agreement or obligation contained herein or in the promissory note or in any supplementary covenant; (Two)  negotiate with the mortgage debtor or grant to  the mortgage debtor any indulgence or tolerance or extension of time for the payment of the promissory note (with the consent of the holder of said promissory note when it is in the  hands  of an insured lender) or for the payment of any debt in favor of the mortgage creditor, and  guaranteed herein;  or  (Three) grant and deliver partial cancellations of any part of the goods of the mortgage constituted herein or grant deferment or postponement of this mortgage in favor of any other lien constituted over said goods.

(Nineteen)    All the rights, title and interest in and on the present mortgage, including but not limiting  the power to execute consents, partial cancellations, subordination, total cancellation, lies solely and exclusively on the mortgage creditor and no insured lender shall have any right, title or interest whatsoever in or with regard to the lien and the benefits contained herein.

(Twenty)   The breach this mortgage shall  constitute default of any other mortgage, farm loan, or mortgage for movable goods owned or insured by the mortgage creditor and granted or assumed by the mortgage debtor; and the default of any of said instruments of guaranty shall constitute default of this mortgage.

(Twenty-one)   Any notice that may be have to be given under the terms of this mortgage shall be forwarded by certified mail unless the contrary is ordered by law, and it shall be directed until another address is designated in a notice  given to that effect, in the case of the mortgage creditor to the Farmers Home Administration, the United States Department of Agriculture, San Juan, Puerto Rico, and in the case of the mortgage debtor, to him at the postal address

-8-

of his residence pursuant to how it is specified further on.

(Twenty-two)    By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as  the sum of the judgment for damages caused to the goods.  The mortgage creditor shall apply the sum that he receives  to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH:    So that it will serve as rate for the first auction that must be held in the event of foreclosure of this mortgage, in conformity to the mortgage law, as amended, the mortgage debtor, by means of the present document, appraises the mortgaged goods in the sum of THIRTY-EIGHT THOUSAND  DOLLARS ($38,000.00)

EIGHTH:   The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need of any notice whatsoever on the part of the mortgage creditor. This mortgage is subject to the regulations of the Farmers Home Administration  now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH:   The amounts guaranteed by this mortgage are the following:

One. At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is held by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without ensuring the promissory note:  SIX THOUSAND   DOLLARS  ($6,000.00) the principal of said promissory  note, with its interest as they have been stipulated at the rate of  five percent ( 5%) annually;

Two. At all times when the promissory note is held  by an insured lender:

(A)     SIX  THOUSAND

DOLLARS   ($6,000.00)

to indemnify the mortgage creditor for advances to the lender insured due to the lack of compliance of the mortgage debtor of paying the installments as is specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B)     NINE  THOUSAND

DOLLARS ($9,000.00)

in addition, to indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;

Three.    In any case and at all times:

(A)     TWO THOUSAND FOUR  HUNDRED

DOLLARS ($2,400.00)

for interest after the arrears;

(B)     ONE  THOUSAND TWO  HUNDRED

DOLLARS ($1,200.00)

for taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph,  Third;

(C)     SIX  HUNDRED                                        DOLLARS ($600.00)

for costs, expenses and attorney's fees in case of foreclosure;

(D)     SIX  HUNDRED                                        DOLLARS ($600.00)

for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH:    That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows:

"Promissory note executed in case number     sixty-three dash thirty-five dash five hundred eighty-three dash thirty-six dash zero zero eighty-six (63-35-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), dated July fifteen (15)  of   one thousand nine hundred eighty-one (7-15-81).

-10-

for the sum of  SIX THOUSAND DOLLARS  ($6,000.00) of principal plus interest on  the  balance of

the principal owed at the rate of  five (5%) percent annually, until  its  principal  has been totally satisfied

pursuant to the terms, installments, conditions and stipulations contained in said promissory note and

pursuant to how they have been agreed upon and convened between the Borrower and the Government;

except the final payment of the total of the debt represented herein, if  it  has  not  been  previously

satisfied,   shall   be due and payable within   forty (40)   years from the date of  this promissory note.

  Said promissory note has been executed as evidence of a loan granted by the government to the

borrower in conformity with the Law from the United States of America Congress entitled Consolidated Farm

and Rural Development Act of 1961 or in conformity with Title V of the Housing Act of 1949,  pursuant to

how they have been amended and is subject to the present regulations of the Farmers Home Administration

and the future Regulations which are not inconsistent with said Law. Of which description, I the Authorizing

Notary, GIVE FAITH.

ELEVENTH: That the property object of the present deed and over which the Voluntary Mortgage is

constituted, is described as follows:

  A. Rural: Plot of land located in the Garzas Ward of  Adjuntas, Puerto Rico, with a capacity of
THREE "CUERDAS", equal to one hectare, seventeen ares, ninety-one centiares and one thousand
eight hundred sixty-eight ten-thousandths of another, abutting on the North and East with Francisco
Pelliccia; on the South, with plots three and four; and on the West, with plot number one.

  Registered on page number  one hundred thirty-one  of book one hundred sixty-three  of Adjuntas,
property number four thousand nine hundred sixty-four, eighth registration.

(Handwritten note on left-hand margin:   page 132, book 163,  property 4964,   tenth registration.)

B.     Rural: Plot of land located in the Garzas Ward of Adjuntas, Puerto Rico, with an area of three "CUERDAS", equivalent to one hectare, seventeen ares, ninety-one centiares, and one thousand eight hundred sixty-eight ten-thousandths of another, abutting on the North and East with Francisco Pelliccia; on the South, with plots three and four; and on the West, with Francisco Pelliccia..

Registered on page one hundred thirty-five of book one hundred fifty-five of Adjuntas, property number five thousand three hundred seventy-two, sixth registration.

(Handwritten note on left-hand margin: page 135, book 155 (illegible), property 5372, eighth registration. Page 135, 155.)

C.     Plot of land located in the Garzas Ward of Adjuntas, Puerto Rico, with an area of THREE "CUERDAS", equivalent to one hectare, seventeen ares, ninety-one centiares, and one thousand eight hundred sixty-eight ten-thousandths of another, abutting, on the North with Francisco Pelliccia and the Estate of Francisco Bianchi,     East, with plot number two,   and on the West, with the Estate of Francisco Bianchi and to the South, with plot number three.

Registered on the back side page twenty-five of book one hundred thirty-seven of Adjuntas, property number five thousand one hundred seventy-two, sixth registration.

(Handwritten note on left-hand margin: back side of page 81, book (not clear) Adjuntas , property 5172, eighth registration.)

D.     Rural: Plot of land located in the Garzas Ward of Adjuntas, Puerto Rico, with an area of TWENTY-THREE   "CUERDAS" with three thousand two hundred ninety-eighty   ten-thousandths of "cuerda, equivalent to nine hectares, seventeen thousand five hundred eighty-sixe ten thousandths of centiares. Its boundaries,  on the North, with Rubén Román, in a portion which is extended from point number two of the segregation plan prepared by Engineer Justo García Méndez, license number three thousand one hundred seventy-two, dated September five of one thousand nine hundred fifty-nine, which point is marked

(Handwritten note on left-hand margin: back side of page 71, book 170 of Adjuntas,  property 6040, fifth registration.)

11-A

with with a stake from a trench following in an upward direction in a straight line through point number three of the plan marked with the "masa" tree,  point number four, marked with a stake toward  point five, marked with a stake on the road at which point the plot forms part of the lance and from here goes down toward points number six, marked with a rock in the creek, which runs through this point; on the South, with Ramón Román Rivera, which boundary extends from point number one of the plan marked with fig tree  following toward the right passing through a mango tree which is on the same boundary, until reaching points number seven marked with a reinforced concrete stake; on the East, with the principal property  from which it was part; parting from point number six going downwards until reaching number seven and on the North, with Patricio Báez; parting from point number one, upwards,  until reaching number two.

It doesn't have any buildings or plantings on it, all of it constituting hill and wild vegetation.

Registered on page seventy of book one hundred seventy of Adjuntas, property number six thousand forty (6040), third registration..

11-B

The borrower acquired the property described through a purchase from Ramón Román Rivera and wife as stated in Deed Number one hundred seventy (170), dated April twenty-six of one thousand nine hundred seventy-eight, executed in the city of Adjuntas before Notary José M. Saliceti.

Said property is encumbered with a mortgage in favor of the United States of America for the amount of THIRTY-TWO THOUSAND DOLLARS ($32,000.00).

TWELFTH:   That there appear as mortgage debtors in the present deed: Mr. NORBERTO ROMAN GONZALEZ and wife MARIA MIRANDA BURGOS, of legal age, married to each other, property owners and residents of Adjuntas, Puerto Rico, whose postal address is Box three hundred eighty-three (383), Garzas Ward, Adjuntas, Puerto Rico 00601.

THIRTEENTH:   The sum of the loan consigned herein was used or shall used for agricultural purposes and the construction and/or repair and/or improvements of the physical installations of the properties described above.

FOURTEENTH:   The borrowers shall personally occupy and use any structure that may have been built, improved or purchased with the sum of the loan guaranteed herein and shall not lease or use for other purposes said structure unless the Government consents to it in writing. The violation of this clause like the violation of any other agreement or clause contained herein shall bring about the maturity of the obligation as if the entire term had elapsed and in attitude the Government were to declare the loan due or payable and proceed to the foreclosure of the mortgage.

FIFTEENTH:   This mortgage is expressly extended to any existing construction or building on the property or properties

12

described  and to any improvement, construction or building which is built on said property during the effective period of the mortgage loan constituted in favor of the Government, verified by the present debtor owners or by their cessionnaires or assigns.

SIXTEENTH:     By means of the present document, the Mortgage Debtors,  waive, severally and jointly  by themselves and in the name of his heirs, successors, assigns or representatives, in favor of the creditor  (Farmers Home Administration), any Homestead right which in the present or in the future he could have in the property described in the eleventh paragraph and in the buildings located therein  or  which were  to be built  in the future;   this is allowed in favor of the Farmers Home Administration by Act Number thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH:     The creditor and the mortgage debtor agree that any stove, oven, heater purchased  or  financed  entirely or  partially  responds  from the  loan  guaranteed  herein,  shall be considered and construed as part of the property encumbered by this Mortgage.

EIGHTEENTH:      That as part of clause thirteen of this deed, it is also stated that the sum of the loan consigned herein shall be used for improvements to the properties.

NINETEENTH:      In addition, the ones appearing herein state in this deed that since they are dealing with a loan for agricultural purposes, they have agreed to not distribute the liability among the encumbered properties and, therefore, all of them shall be liable, separately, severally  and jointly for the principal debt, interest, costs, and other credits guaranteed by this deed, all of it in conformity to Article one hundred nineteen of the Mortgage Act,  pursuant

13

to how the same has been amended by Act Number seventy-nine of June twenty-five of one thousand nine hundred sixty-nine.

TWENTIETH:  Since we are dealing with a limited resources loan  as indicated in the promissory note, the Government may change the percentage of interest in accordance to the regulations of the Farmers Home Administration.

ACCEPTANCE AND WARNINGS

The ones appearing herein  accept this deed in the manner in which it has been  drafted due to its being in conformity to their wishes, and I,  the Notary, stated to them  the warnings of law  relevant  to this act. That is how it was so stated and executed by the ones appearing before me (illegible) and having read this deed in its entirety,   by  the ones appearing herein,  they ratify themselves as to its contents and sign the present deed, also stamping their initials on the margin of each page of this deed.

IN REGARD TO ALL OF WHICH, as well as of having observed all the requirements of Law, I, the Notary, after signing, stamping, paraphing and putting the Notary's mark on it, GIVE FAITH.

Signed:      Norberto Román González, María Miranda Burgos.

Their initials are on the margin.

SIGNED: signed, stamped, paraphed and with the Notary's mark put on it, JOSE M. SALICETI.

(Note: all the pages are stamped with the seal of José M. Saliceti, Attorney, Notary, Island of Puerto Rico.)

(Note: all the pages are stamped with the seal of the Property Registry, Utuado Section, Puerto Rico.)

(Note:  there is a Puerto Rico Bar Association  Notarial Fee stamp in the amount of $1.00 on this page.)

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*

PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

HANDWRITTEN NOTE:

This document is registered where the marginal notes of each one of the properties so indicates it.

Charges: those which appear from the Registry.  Utuado, on July 22, 1981.

Without fees.                              (signed-illegible)   Registrar

8/26/81        José Luis (the last name is illegible)

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
United Court Interpreter / Translator
787-39- 1788

Forma FmHA 427-1 PR
10/77

------------------------------ NUMERO ------------- CIENTO OCHENTA YNUEVE.

--------------------- HIPOTECA VOLUNTARIA -----------------

En **Adjuntas, Puerto Rico a quince de julio de mil novecientos ochenta y uno.** ----------------------------

------------------------------- ANTE MI ----------------------

------------------------------ **JOSE M. SALICETI** ------------------------

Abogado y Notario Público de esta Isla con residencia y vecindad en **Adjuntas, Puerto Rico** y oficina en **Adjuntas, Puerto Rico.**

----------------------- COMPARECEN -------------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca denominados de aquí en adelante el "deudor hipotecario" y cuyas circunstancias personales aparecen de dicho párrafo. ------------

Doy fe del conocimiento personal de los comparecientes, así como por sus dichos de su edad, estado civil, profesión y vecindad. -------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre administración de sus bienes y teniendo a mi juicio la capacidad legal necesaria para este otorgamiento, **y en su virtud libremente.**

EXPONEN

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en el párrafo UNDECIMO así como de todos los derechos e intereses en las mismas, denominada de aquí en adelante "los bienes".

SEGUNDO: Que los bienes aquí hipotecados están afectos a los gravámenes que se especifican en el párrafo UNDECIMO. --------

TERCERO: Que el deudor hipotecario viene obligado para con Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores, denominado de aquí en adelante el "acreedor hipotecario", en relación con un préstamo o préstamos evidenciado por uno o más pagarés o convenio de subrogación, denominado en adelante el "pagaré", sean uno o más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales de una doceava parte de las contribuciones, avaluos (impuestos), primas de

1

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria.

CUARTO: Se sobreentiende que:

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidada la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada.

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado.

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré.

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual".

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario, endosará el pagaré al acreedor hipotecario.

(Seis) Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré, pero cuando el pagaré



FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ————————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, derechos de agua o acciones en los mismos, pertenecientes a las fincas, a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de ti por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y valor para aquellas cantidades especificadas en el párrafo NOVENO con sus intereses siguientes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



—3—

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, ————————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:————————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ——————————————————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ——————————————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.——————————————————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del _____ por ciento ( 5 %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.———————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,

—4—

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ————

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ——————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario.

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes, no cometerá ni permitirá que se cometa ningún deterioro de los bienes, no removerá ni demolerá ningún edificio o mejora en los bienes, no cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que



—5—

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ————————————————————————————

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ————

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ——————————

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ————————————————————

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ——————

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos

—6—

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de cualquier propiedad o cualquier gasto u obligación que el deudor hipotecario se pagará según se requiere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro



FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. ⎯⎯⎯⎯⎯⎯⎯

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos. ⎯⎯⎯⎯⎯⎯⎯

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario o otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga de otro modo por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de

—8—

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ----------------------------

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así·como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ----------

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá·celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de TREINTA Y OCHO MIL DOLARES ------ ($38,000.00). ------

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ---------------------------------------

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré:

SEIS MIL ----------------------------- DOLARES ($ 6,000.00 ) el principal de dicho pagaré, con sus intereses según estipulados a razón del

cinco ----------------------------- por ciento ( % ) anual.

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:

(A)

SEIS MIL ----------------- DOLARES ($ 6,000.00)

—9—

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; —————————————

(B)

NUEVE MIL ———————————— DOLARES ($           )

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ———————————

Tres. En cualquier caso y en todo tiempo; ———————————————

(A)                   ————————————————————

DOS MIL CUATROCIENTOS ——— DOLARES ($ 2,400.0    )

para intereses después de mora; ———————————————————

(B)                    ————————————————————

MIL DOSCIENTOS ———————— DOLARES ($ 1,200.00   )

para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ———————————————————————

(C)                    ————————————————————

SEISCIENTOS ——————————— DOLARES ($ 600.00    )

para costas, gastos y honorarios de abogado en caso de ejecución; ———

(D)

SEISCIENTOS ——————————— DOLARES ($ 600.00    )

para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece; —————————————————

DECIMO:   Que el (los) pagaré(s) que se hace referencia en el párrafo TERCERO de esta hipoteca es(son) descrito(s) como sigue: ——————

"Pagaré otorgado en el caso número setenta y tres raya treinta y cinco raya                    quince y catorce quince ————

(63-35-
(15)        de    julio    de mil novecientos ochenta y uno ———
(15
—7-81)

Forma FmHA 427-1 PR
10/77

por la suma de   SEIS MIL DOLARES  ($6,000.00)————————
——— dólares de principal más intereses sobre el balance del principal

adeudado a razón del   cinco

——— (  5%  ) por ciento anual, hasta tanto su principal sea
totalmente satisfecho según los términos, plazos, condiciones y estipulaciones
contenidas en dicho pagaré y según acordados y convenidos entre el
Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí
representada, de no haber sido satisfecho con anterioridad, vencerá y será
pagadero a los   cuarenta   (40)  —— años de la fecha de este pagaré.
—— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido
por el Gobierno al Prestatario de conformidad con la Ley del Congreso
de los Estados Unidos de América denominada "Consolidated Farm and
Rural Development Act of 1961" o de conformidad con el "Title V of
the Housing Act of 1949", según han sido enmendadas y está sujeto a los
presentes reglamentos de la Administración de Hogares de Agricultores
y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya
descripción, yo, el Notario Autorizante, DOY FE. ———————————

UNDECIMO:  Que la propiedad objeto de la presente escritura y sobre la que
se constituye Hipoteca Voluntaria, se describe como sigue: ———————————

"A"  Rústica:  Predio de terreno sito en el
barrio Garzas de Adjuntas, Puerto Rico,————
con cabida de TRES CUERDAS, iguales ————
a una hectárea, diez y siete áreas, noventa
y una centiáreas, y mil ochocientos sesenta —
y ocho diez milésimas de otra en lindes ————
por el Norte y Este, con franjas de policía ————
por el Sur, con las parcelas número tres ————
y cuatro y al Oeste, con la parcela número —
uno.

Inscrita al folio ciento treinta y una del
tomo ciento sesenta y tres de Adjuntas,————
finca número cuatro mil novecientos sesenta —
y cuatro (4,964), inscripción cero————

Po.13P
Po.163
Pcf.4964
Ins.10a

"B" RUSTICA: Predio de terreno radicado —
en el barrio Garzas de Adjuntas, Puerto —
Rico, con cabida de TRES CUERDAS, —————
equivalentes a una hectárea, diez y siete
áreas, noventa y una centiáreas, y mil——
ochocientos sesenta y ocho diez milésimas
de otra, en lindes por el Norte y Este, con
Francisco Pellicia; por el Sur, con las ———
parcelas números tres y cuatro y por ——
el Oeste, con Francisco Pellicia. ————

Inscrita al folio ciento treinta y cinco
del tomo ciento cincuenta y cinco ————————
de Adjuntas, finca número cinco mil —————
trescientos setenta y dos, inscripción ———
sexta. ————————————————————————————————

"C" RUSTICA: Predio de terreno radicado——
en el barrio Garzas de Adjuntas, Puerto ——
Rico, con cabida de TRES CUERDAS, equi————
valentes a una hectárea, diez y siete——
áreas, noventa y una centiáreas, y mil——
ochocientos sesenta y ocho diez————————
milésimas de otra, en lindes por el Norte,——
con Francisco Pellicia y la Sucesión ————
de Francisco Bianchi; Este, con la ————
parcela número dos y por el Oeste, con ———
Sucesión de Francisco Bianchi y al Sur,———
con parcela número tres. ————————————

Inscrita al folio veinticinco vuelto del —
tomo ciento treinta y siete de Adjuntas,-
finca número cinco mil ciento setenta y
dos, inscripción sexta. ——————————————

"D" RUSTICA: Predio de terreno radicado
en el barrio Garzas de Adjuntas, Puerto —
con cabida de VEINTITRES CUERDAS, con ——
Tres Mil Doscientos Noventa y Ocho Diez
milésimas de cuerda (23.3298) ——
equivalentes a nueve hectáreas, diez
y siete mil quinientos ochenta y seis
diez milésimas de centiáreas, en ——
colindancias por el Norte, con —————
Román en una porción que se extiende —————
desde el punto número dos del plano de ——
segregación levantado por el Ingeniero Justo
García Méndez, licencia número tres mil——
ciento setenta y dos de fecha cinco ————
de septiembre de mil novecientos ——————————
cincuenta y nueve, cuyo punto está marcado

11-A

con un estacón de una zanja, siguiendo hacia arriba en línea recta a través del punto número tres del plano marcado con un árbol de masa, el punto cuatro, marcado con un estacón hacia el punto cinco, marcado con un estacón en camino en cuyo punto el predio forma parte de lama y de aquí baja hasta el punto número seis, marcado con una piedra, en la quebrada que por este punto discurre; por el Sur, con Ramón Román Rivera, cuya colindancia se extiende desde el punto número uno del plano marcado con un árbol de higuerillo siguiendo hacia la derecha pasando por un árbol de mangó que está en la misma colindancia, hasta llegar al punto número siete, marcado con estacón de hormigón; por el Este, con la finca principal de que fuera parte, partiendo desde el punto número seis hacia abajo hasta llegar al número siete, y por el Norte, con Patricio Báez, partiendo desde el punto número uno, hacia arriba, hasta llegar al número dos.

No tiene edificaciones ni plantaciones constituyendo todo monte y malezas.

Inscrita al folio setenta del tomo ciento setenta de Adjuntas, finca número seis mil cuarenta (6040), inscripción tercera.



Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a————
don **Ramón Román Rivera y esposa**————————————————————
según consta de la Escritura Número **Ciento setenta**————
**(170)**————————— de fecha **veintiseis de abril de**—
**mil novecientos setenta y ocho**————————————————————
——————————————— otorgada en la ciudad de **Adjuntas**————
ante el Notario **José M. Saliceti**——————————————————
Dicha propiedad se encuentra**n afectas a una hipoteca**———
**a favor de Estados Unidos de América por la**————————
**cantidad de TREINTA Y DOS MIL DOLARES**————————————
**($32,000.00).**——————————————————————————————

DUODECIMO: Que comparecen en la presente escritura como————
Deudores Hipotecarios : **DON NORBERTO ROMAN GONZALEZ**————
y su esposa **DOÑA MARIA MIRANDA**, mayores————————
de edad, casados entre sí, propietarios y————————
vecinos de Adjuntas, Puerto Rico ————————————
cuya dirección postal es: **Buzón trescientos ochenta**—
y tres (383) Barrio Garzas, Adjuntas, P. R.————————
00601.————————————————————————————————————————

DECIMO TERCERO: El importe del préstamo aquí consignado se
usó ó será usado para fines agrícolas y la construcción y/o
reparación y/o mejoras de las instalaciones físicas en la————
finca(s) descrita(s).——————————————————————

DECIMO CUARTO: El prestatario ocupará personalmente y usará—
cualquier estructura que haya sido construida, mejorada————
comprada con el importe del préstamo aquí garantizado y no—
arrendará o usará para otros fines dicha estructura a menos o
el Gobierno lo consienta por escrito. La violación de esta—
clausula como la violación de cualquiera otro convenio o cláu
sula aquí contenida ocasionará el vencimiento de la obligació
como si todo el término hubiese transcurrido y en aptitud el
Gobierno de declarar vencido o pagadero el préstamo y procede
a la ejecución de la hipoteca.——————————————————— ——

DECIMO QUINTO: Esta hipoteca se extiende expresamente a toda
construcción o edificación existente en la(s) finca(s) antes

12

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que
se construya en dicha finca(s) durante la vigencia del -----
préstamo hipotecario constituido a favor del Gobierno, veri-
ficada por los actuales dueños deudores o por sus cesionario
o causahabientes.

DECIMO SEXTO: El deudor hipotecario por la presente-------
renuncia mancomunada y solidariamente por sí y a nombre de-
sus herederos causahabientes, sucesores o representantes a-
favor del acreedor (Administración de Hogares de ----------
Agricultores), cualquier derecho de Hogar Seguro (Homestead)
que en el presente o en el futuro pudiera tener en la ------
propiedad descrita en el párrafo undédimo y en los edificios
allí enclavados o que en el futuro fueran construídos; -----
renuncia esta permitida a favor de la Administración de ---
Hogares de Agricultores por la Ley Número trece (13) del --
veintiocho (28) de mayo de mil novecientos sesenta y nueve-
(1969) (31 L.P.R.A. 1851).------------------------------

DECIMO SEPTIMO: El acreedor y el deudor hipotecario ------
convienen en que cualquier estufa, horno, calentador compra
do o financiado total o parcialmente con fondos del préstam
aquí garantizado, se considerará e interpretará como parte-
de la propiedad gravada por esta Hipoteca.-----------------



DECIMO OCTAVO: Que como parte de la cláusula---
décimo tercera de ant se hace -----
constar además que el aporte del préstamo -----
aquí consignado se usa para mejoras a las -----
fincas.--------------------------------

DECIMO NOVENO: Manifiestan además----
comparecientes en esta escritura por tratar
se de un préstamo para industrias agrícolas han ---
acordado en no distribuir la responsabilidad ---
entre las fincas gravadas y por lo tanto -------
todas responderán por separado solidaria y manco
munadamente de la deuda, principal, intereses --
costas y demás créditos garantizados por esta --
escritura, todo ello conforme al Artículo ciento
diecinueve de la Ley Hipotecaria, según el mismo-

ha sido enmendado por la Ley número Setenta ——
y Nueve del veinticinco de Junio de mil———
novecientos sesenta y nueve. ———————————————
—VIGESIMO: Por tratarse de un préstamo de Recur-
sos Limitados según indicado en el pagaré el———
Gobierno puede cambiar el porciento de interés
de acuerdo con los Reglamentos de la Administración
de Hogares de Agricultores.——— ———————————————
—————————ACEPTACION Y ADVERTENCIAS—————————————
Los comparecientes aceptan esta escritura en———
la forma en que está redactada por ser conforme
a sus deseos. Y Yo el Notario he hecho a las ———
partes las advertencias de ley pertinentes a ———
este acto.——————————————————————————————————————
ASI lo dicen y otorgan los comparecientes ante
mi presencia y leída esta escritura en su inte-——
gridad por los comparecientes en su contenido——
se ratifican y firman la presente escritura —
estampando además sus iniciales al margen de——
cada folio de esta escritura. — — — — — — — — —
DE TODO LO CUAL, así como de haber observado———
todos los requisitos de Ley, Yo el Notario, luego
el Notario, luego de firmar, signar, sellar y———
rubricar, DOY FE.————————————————————————————————

Firmados:- Norberto Román González.,———————————
           María Miranda————————————————————————

Al Margen sus iniciales:——————————————————————
Firmado: signado, sellado, rubricado, JOSE M. SALICET



Es copia fiel y exacta de su original que con el número que va p—
cabeza obra en mi protocolo corriente de instrumentos públicos, —
cual me remito. Hay cancelados los sellos de rentas internas y t—
rense que determina la Ley en su original. Expido —
copias a solicitud de la parte interesada — en san, co—
fecha de su otorgamiento una vez hecho el cotejo. REVISADO LA M—

Inscrito este documento
donde indican las
notas marginales
de cada una de las fincas.
Cargas: las que constan
del Registro. Hturdo 224
julio 10, 1981.
Sin Derechos.

Rgoor Isulor

8/26/81   Jose Luis Morales

# TITLE SEARCH

**CLIENT: NORBERTO ROMÁN GONZÁLEZ**

**REF: 1521.262**
**BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:**   4,964, recorded at page 241 of volume 131 of Adjuntas, Registry of the Property of Utuado.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Parcela de terreno radicada en el barrio Garzas del término municipal de Adjuntas, compuesta de **tres cuerdas, equivalentes a una hectárea, diez y siete áreas, noventa y una centiáreas y mil ochocientos sesenta y ocho diez milésimas de centiáreas,** marcada con el número uno, lindante por el **NORTE**, con Francisco Pellicia y la Sucesión de Francisco Bianchi; por el **SUR**, con la parcela número tres y la Sucesión de Francisco Bianchi; por el **ESTE**, con la parcela número dos; y por el **OESTE**, con la Sucesión Francisco Bianchi. Contiene una casa de hierro galvanizado, de veinte pies de largo por veinte pies de ancho, con divisiones interiores de madera, construida por la Puerto Rico Reconstruction Administration.

**ORIGIN:**

It is segregated from property number 4,339, recorded at page 177, volume 115 of Adjuntas.

**TITLE:**

This property is registered in favor of NORBERTO ROMÁN GONZÁLEZ and his wife MARÍA MIRANDA BURGOS, who acquired it by purchase from Ramón Román Rivera and his wife Guillermina González, at a price of $1,600.00, pursuant to deed #171, executed in Adjuntas, Puerto Rico, on April 26, 1978, before José M. Saliceti Notary Public, recorded at overleaf of page 131 of volume 163 of Adjuntas, property number 4,964, 8th inscription.
**Presented on April 27, 1978**
**Recorded on August 2, 1978**

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Norberto Román González and his wife María Miranda Burgos, over this and other properties, in favor of United States of America, in the original principal amount of $32,300.00, with 5% annual interests, due on 40 years, constituted by deed #172, executed in Adjuntas, Puerto Rico, on April 26, 1978, before José M. Saliceti Notary Public, recorded at overleaf of page 131 of volume 163 of Adjuntas, property number 4,964, 9th inscription. It is not distributed the responsibility of mortgage.
**Presented on April 27, 1978**
**Recorded on January 19, 1979**

2.   **MORTGAGE:** Constituted by Norberto Román González and his wife María Miranda Burgos, over this and other properties, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $6,000.00, with 5% annual interests, due on 40 years, constituted by deed #189, executed in Adjuntas, Puerto Rico, on July 15, 1981, before José M. Saliceti Notary Public, recorded at page 132 of volume 163 of Adjuntas, property number 4,964, 10th inscription. It is not distributed the responsibility of mortgage.
**Presented on July 16, 1981**
**Recorded on July 22, 1981**

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748.8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

PAGE #2
PROPERTY #4,964

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to February 21th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

*EAGLE TITLE AND OTHER SERVICES, INC.*

*Authorized signature*

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on February 21th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 7 day of January of 2020.

Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4443.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 7 day of January of 2020.

NOTARY PUBLIC

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.





Sello

RECIBO

Ldn. Lourdes Quintero Ber....
Abogada - Notaria

9397
12/10/2020
$5.00
Sello de Asistencia Legal
80093-2020-1210-14194276

# TITLE SEARCH

**CLIENT:** NORBERTO ROMÁN GONZÁLEZ

**REF:** 1521.262
**BY:** TAIMARY ESCALONA

**PROPERTY NUMBER:**   5,172, recorded at page 21 of volume 137 of Adjuntas, Registry of the Property of Utuado.

**DESCRIPTION:** (As it is recorded in the Spanish language)

**RÚSTICA:** Parcela de terreno marcada con el número tres radicada en el barrio Garzas del término municipal de Adjuntas, Puerto Rico, compuesta de **tres cuerdas**, **equivalentes a una hectárea**, **noventa y una centiáreas**, **diecisiete áreas y mil ochocientos sesenta y ocho diez milésimas de centiáreas**, lindante por el **NORTE**, con las parcelas números uno, dos y cuatro; por el **SUR**, con las parcelas cinco, seis y siete; por el **ESTE**, con las parcelas cuatro y seis; y por el **OESTE**, con la Sucesión Bianchi. Contiene una casa de hierro galvanizado de veinte pies de largo por veinte pies de ancho, con divisiones interiores de madera, construida por la Puerto Rico Reconstruction Administration.

**ORIGIN:**

It is segregated from property number 4,339, recorded at page 177, volume 115 of Adjuntas.

**TITLE:**

This property is registered in favor of NORBERTO ROMÁN GONZÁLEZ and his wife MARÍA MIRANDA BURGOS, who acquired it by purchase from Ramón Román Rivera and his wife Guillermina González, at a price of $1,600.00, pursuant to deed #171, executed in Adjuntas, Puerto Rico, on April 26, 1978, before José M. Saliceti Notary Public, recorded at overleaf of page 25 of volume 137 of Adjuntas, property number 5,172, 6th inscription.
**Presented on April 27, 1978**
**Recorded on August 2, 1978**

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Norberto Román González and his wife María Miranda Burgos, over this and other properties, in favor of United States of America, in the original principal amount of $32,000.00, with 5% annual interests, due on 40 years, constituted by deed #172, executed in Adjuntas, Puerto Rico, on April 26, 1978, before José M. Saliceti Notary Public, recorded at overleaf of page 25 of volume 137 of Adjuntas, property number 5,172, 7th inscription. It is not distributed the responsibility of mortgage.
**Presented on April 27, 1978**
**Recorded on January 19, 1979**

2.   **MORTGAGE:** Constituted by Norberto Román González and his wife María Miranda Burgos, over this and other properties, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $6,000.00, with 5% annual interests, due on 40 years, constituted by deed #189, executed in Adjuntas, Puerto Rico, on July 15, 1981, before José M. Saliceti Notary Public, recorded at page 81 of volume 217 of Adjuntas, property number 5,172, 8th and last inscription.
It is not distributed the responsibility of mortgage.
**Presented on July 16, 1981**
**Recorded on July 22, 1981**

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748-1130 / 748-4577 • FAX (787) 748-1143
estudios@eagletitlepr.com

PAGE #2
PROPERTY #5,172

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens,
Judgments and Daily Log up to February 21th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

*Authorized signature*

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on February 21th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 7 day of _____ of 2020.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4444.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 7 day of _____ of 2020.

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

& Other Services, Inc.

R E C I B O
4U19-02165356

Sello





_____
NOTARY PUBLIC

9397
12/10/2020
$5.00
Sello de Asistencia Legal
80093-2020-1210-14194079

# TITLE SEARCH

**CLIENT: NORBERTO ROMÁN GONZÁLEZ**                    **REF: 1521.262**
                                                        **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:**     5,372, recorded at page 130 of volume 140 of
                         Adjuntas, Registry of the Property of
                         Utuado.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Parcela de terreno número dos del caso C-trescientos
ochenta y cuatro, radicada en el barrio Garzas del término
municipal de Adjuntas, compuesta de **tres cuerdas, equivalentes a
una hectárea, diez y siete áreas, noventa y una centiáreas y mil
ochocientas sesenta y ocho diez milésimas de otra,** lindante por
el **NORTE,** y **ESTE,** con Francisco Pelliccia; por el **SUR,** con las
parcelas números tres y cuatro; y por el **OESTE,** con la parcela
número uno. Dentro de la parcela descrita se encuentra enclavada
una casa de hierro galvanizado de veinte pies de frente por
veinte pies de fondo, con divisiones interiores de madera,
construida por la Puerto Rico Reconstruction Administration.

**ORIGIN:**

It is segregated from property number 4,339, recorded at page
177, volume 115 of Adjuntas.

**TITLE:**

This property is registered in favor of NORBERTO ROMÁN GONZÁLEZ
and his wife MARÍA MIRANDA BURGOS, who acquired it by purchase
from Ramón Román Rivera and his wife Guillermina González, at a
price of $1,600.00, pursuant to deed #171, executed in Adjuntas,
Puerto Rico, on April 26, 1978, before José M. Saliceti Notary
Public, recorded at page 135 of volume 1 of Adjuntas, property
number 5,372, 6th inscription.
**Presented on April 27, 1978**
**Recorded on August 2, 1978**

**LIENS AND ENCUMBRANCES:**

I.    By reason of its origin this property is free of liens and
      encumbrances

II.   By reason of itself this property is encumbered by the
      following:

1.    **MORTGAGE:** Constituted by Norberto Román González and his
      wife María Miranda Burgos, over this and other properties,
      in favor of United States of America, in the original
      principal amount of $32,000.00, with 5% annual interests,
      due on 40 years, constituted by deed #172, executed in
      Adjuntas, Puerto Rico, on April 26, 1978, before José M.
      Saliceti Notary Public, recorded at page 135 of volume 1 of
      Adjuntas, property number 5,372, 7th inscription. It is not
      distributed the responsibility of mortgage.
      **Presented on April 27, 1978**
      **Recorded on January 19, 1979**

2.    **MORTGAGE:** Constituted by Norberto Román González and his
      wife María Miranda Burgos, over this and other properties,
      in favor of United States of America acting as Farmer Home
      Administration, in the original principal amount of
      $6,000.00, with 5% annual interests, due on 40 years,
      constituted by deed #189, executed in Adjuntas, Puerto Rico,
      on July 15, 1981, before José M. Saliceti Notary Public,
      recorded at overleaf of page 135 of volume 1 of Adjuntas,
      property number 5,372, 8th and last inscription.
      It is not distributed the responsibility of mortgage.
      **Presented on July 16, 1981**
      **Recorded on July 22, 1981**

ESTUDIOS DE TÍTULO
SEGUROS DE TÍTULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748-1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse
como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está
limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para
completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

PROPERTY #5,372

REVIEWED:

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to February 21th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

EAGLE TITLE AND OTHER SERVICES, INC.

_____
Authorized signature

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on February 21th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 7 day of _January_ of 2020.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4445.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 7 day of _January_ of 2020.

_____
NOTARY PUBLIC

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Title & Other Services, Inc.





# TITLE SEARCH

**CLIENT: NORBERTO ROMÁN GONZÁLEZ**          **REF: 1521.262**
                                             **BY: TAIMARY ESCALONA**

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

**PROPERTY NUMBER:**    6,040, recorded at page 66 of volume 170 of Adjuntas, Registry of the Property of Utuado.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Predio de terreno radicado en el barrio Garzas del término municipal de Adjuntas, con cabida de **veintitrés cuerdas con tres mil doscientas noventa y ocho milésimas de cuerdas, equivalentes a nueve hectáreas, diez y siete áreas, noventa y cinco centiáreas siete mil quinientos ochenta y seis diez milésimas de centiáreas.** Son sus colindancias, por el **NORTE,** Rubén Román, en una porción que se extiende desde el punto número dos del plano de segregación levantado por el ingeniero Justo García Méndez, licencia número tres mil ciento setenta y dos de fecha cinco de septiembre de mil novecientos cincuenta y nueve cuyo punto está marcado con un estacón por una zanja, siguiendo hacia arriba en línea recta a través del punto número tres del plano marcado con un árbol de masa, y punto cuatro marcado con un estacón hasta el punto cinco, marcado con un estacón en camino, en cuyo punto, el predio forma punto de lanza y de aquí baja hasta el punto número seis, marcado con una piedra de la quebrada que por este punto discurre; por el **SUR,** con Ramón Román Rivera, cuya colindancia se extiende desde el punto número uno del plano marcado con un árbol de higuerillo siguiendo hacia la derecha pasando por un árbol de mango que esta en la misma colindancia, hasta llegar al punto número siete marcado con un estacón de hormigón; por el **ESTE,** con la finca principal de que fuera ésta segregada partiendo desde el punto número seis hacia abajo, hasta llegar al número siete; y por el **OESTE,** con Patricio Báez, partiendo desde el punto número uno, hacia arriba, hasta llegar al número dos. No tiene edificaciones ni plantaciones, constituyendo todo monte y malezas.

**ORIGIN:**

It is segregated from property number 2,884, recorded at page 130, volume 112 of Adjuntas.

**TITLE:**

This property is registered in favor of NORBERTO ROMÁN GONZÁLEZ and his wife MARÍA MIRANDA BURGOS, who acquired it by purchase from Ramón Román Rivera and his wife Guillermina González, at a price of $15,200.00, pursuant to deed #171, executed in Adjuntas, Puerto Rico, on April 26, 1978, before José M. Saliceti Notary Public, recorded at page 70 of volume 170 of Adjuntas, property number 6,040, 3rd inscription.
**Presented on April 27, 1978**
**Recorded on August 2, 1978**

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Norberto Román González and his wife María Miranda Burgos, over this and other properties, in favor of United States of America, in the original principal amount of $32,000.00, with 5% annual interests, due on 40 years, constituted by deed #172, executed in Adjuntas, Puerto Rico, on April 26, 1978, before José M. Saliceti Notary Public, recorded at page 70 of volume 170 of Adjuntas, property number 6,040, 4th inscription. It is not distributed the responsibility of mortgage.
     **Presented on April 27, 1978**
     **Recorded on January 19, 1979**

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

PAGE #2
PROPERTY #6,040

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudio@eagletitlepr.com

2.   **MORTGAGE:** Constituted by Norberto Román González and his wife María Miranda Burgos, over this and other properties, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $6,000.00, with 5% annual interests, due on 40 years, constituted by deed #189, executed in Adjuntas, Puerto Rico, on July 15, 1981, before José M. Saliceti Notary Public, recorded at page 71 of volume 170 of Adjuntas, property number 6,040, 5th and last inscription.
It is not distributed the responsibility of mortgage.
**Presented on July 16, 1981**
**Recorded on July 22, 1981**

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to February 21th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

Authorized signature

mcr/dm/**F**

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Seguro de Título. Para completa protección deben requerir una póliza de Seguro de Título.



I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on February 21th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 7 day of _____ of 2020.

Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4446.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 7 day of _____ of 2020.





NOTARY PUBLIC

Exhibit 9

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**FARM SERVICE AGENCY**

654 Muñoz Rivera Avenue
654 Plaza Suite #829
San Juan, PR 00918

Borrower:     Roman Gonzalez, Norberto          Case No:     63-035-0086

### *CERTIFICATION OF INDEBTEDNESS*

I, Carlos J. Morales, of legal age, single, a resident of San Juan, Puerto Rico, in my official capacity as Loan Resolution Task Force Contractor of the *Farm Service Agency* , United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according to information obtained from all available records at the USDA-Farm Service Agency:

*Statement of Account as of     November 17, 2020*

| Loan Number | 41-01 | |
|---|---|---|
| Note Amount | $ | 32,000.00 |
| Original Note Date | 4/26/1978 | |
| Date of Last Payment | 3/16/2020 Offset | |
| Principal Balance | $ | 29,737.87 |
| Unpaid Interest | $ | 22,796.05 |
| Misc. Charges | $ | - |
| Total Balance | $ | 52,533.92 |
| Daily Interest Accrual | $ | 4.0737 |
| Amount Delinquent | $ | 52,533.92 |
| Years Delinquent | Fully matured | |

| Loan Number | 41-02 | |
|---|---|---|
| Note Amount | $ | 6,000.00 |
| Original Note Date | 7/15/1981 | |
| Date of Last Payment | 1/28/1991 | |
| Principal Balance | $ | 6,095.00 |
| Unpaid Interest | $ | 9,102.22 |
| Misc. Charges | $ | - |
| Total Balance | $ | 15,197.22 |
| Daily Interest Accrual | $ | 0.8349 |
| Amount Delinquent | $ | 10,935.00 |
| Years Delinquent | 28 | |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under penalty of perjury as allowed by 28 U.S.C. 1746.

*Carlos J. Morales*

Digitally signed by CARLOS MORALES (Affiliate)
DN: c=US, o=U.S. Government, ou=Department of
Agriculture, 0.9.2342.19200300.100.1.1=12001003816118,
cn=CARLOS MORALES (Affiliate)
Date: 2020.11.17 09:59:32 -04'00'
Adobe Acrobat version: 2020.013.20064

Carlos J. Morales Lugo
LRTF Contractor
November 17, 2020



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Exhibit 10

| | |
|---|---|
| SSN: | XXX-XX-0086 |
| Birth Date: | |
| Last Name: | ROMAN GONZALEZ |
| First Name: | NORBERTO |
| Middle Name: | |
| Status As Of: | Dec-30-2020 |
| Certificate ID: | QS5GWLDV0FHHWFM |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | |
| NORBERTO ROMAN GONZALEZ, et als. | ) | FORECLOSURE OF MORTGAGE |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Conjugal Partnership Román-Miranda
State Road 518, Km. 11.0      72 Crowley Rogers Way, Apt. 843
Garzas Ward      Boston, MA 02127
Adjuntas, PR 00601

4510 Dalton Ave.
Orlando, FL 32822

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture<br><br>_____<br>*Plaintiff(s)*<br>v.<br>NORBERTO ROMAN GONZALEZ, et als.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MARIA MIRANDA BURGOS
State Road 518, Km. 11.0
Garzas Ward
Adjuntas, PR 00601

72 Crowley Rogers Way, Apt. 843
Boston, MA 02127

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        JUAN CARLOS FORTUÑO FAS
        P.O. BOX 3908
        GUAYNABO PR 00970

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                              *Server's signature*

                                                   _____
                                                              *Printed name and title*


                                                   _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. NORBERTO ROMAN GONZALEZ, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  NORBERTO ROMAN GONZALEZ
State Road 518, Km. 11.0          4510 Dalton Ave.
Garzas Ward                       Orlando, FL 32822
Adjuntas, PR 00601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):  Fortuño, Juan Carlos

USDC-PR Bar Number:  211913

Email Address:  jcfortuno@fortuno-law.com

1.  Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff:  UNITED STATES OF AMERICA, acting through the USDA

   Defendant:  NORBERTO ROMAN GONZALEZ; ET ALS.

2.  Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case
   ☐ Social Security
   ☐ Banking
   ☐ Injunction

3.  Indicate the title and number of related cases (if any).

   N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5.  Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6.  Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted:  January 5, 2021

rev. Dec. 2009

Print Form     Reset Form

JS 44  (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a)  PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| UNITED STATES OF AMERICA | NORBERTO ROMAN GONZALEZ, et als. |

| **(b)**  County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant    Adjuntas, P.R. |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Juan C. Fortuño Fas<br>Po Box 3908, Guaynabo, PR 00970<br>Tel. 787-751-5290 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION** | | | |
| | | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
67,731.14

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/05/2021 | s/Juan Carlos Fortuño Fas |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____